**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

GREGORY MELVIN HAYNES,
                *Plaintiff-Appellant,*

v.

CITY AND COUNTY OF SAN
FRANCISCO; ANDREW BRAUN; ESTER
CHOO; ROBERT DYNES; JESSICA
FOGLER; REGINA GRAHAM;
FREDERICK HUANG; MARY LEARY;
ALICIA F. LIEBERMAN; HURBERT
OCHITILL; ROBERT OKIN; RICK
PATEL; REGENTS OF THE UNIVERSITY
OF CALIFORNIA; TAMAR SEIVER;
TRUDY SINGZON; JEFF ADACHI;
ROBERT BUNKER; JOHN CRUDO;
PAUL DAVIES; HEATHER FONG;
HUGH HALL; GREGORY HICKS;
MITCHELL KATZ; LEON LOEW;
MATHEW MASON; GAVIN NEWSOM;
TROY WILLIAMS,
                *Defendants-Appellees.*

No. 10-16327

D.C. No.
3:08-cv-02295-JSW

OPINION

Appeal from the United States District Court
for the Northern District of California
Jeffrey S. White, District Judge, Presiding

Argued and Submitted
May 16, 2012—San Francisco, California

Filed July 23, 2012

8385

Before: Stephen Reinhardt, Richard R. Clifton, and
N. Randy Smith, Circuit Judges.

Opinion by Judge Reinhardt

## COUNSEL

Gregory Melvin Haynes, San Francisco, California, appearing *pro se* for the plaintiff-appellant.

James Frederick Hannawalt, San Francisco City Attorney's Office, San Francisco, California; Scott D. Wiener, San Francisco City Attorney's Office, San Francisco, California; Richard Wesley Pratt, Hassard Bonnington LLP, San Francisco, California, for the defendants-appellees.

## OPINION

REINHARDT, Circuit Judge:

Gregory Haynes ("Haynes") was the counsel for the plaintiff in the underlying action. The district court determined that Haynes continued pursuit of plaintiff's claims, after it was clear that the claims were frivolous and in bad faith. The court also determined that the defendants had incurred excess costs and fees of over $360,000 due to his misconduct. The court imposed sanctions on Haynes in this amount pursuant to 28 U.S.C. § 1927, declining to consider Haynes's assertion that he could not possibly pay such an award, and, indeed, that he had no assets and his net income for the several preceding

years was less that $20,000 per year. We now hold that a district court may reduce a § 1927 sanctions award in light of an attorney's inability to pay. Because the district court appeared to believe that it was without discretion to reduce the sanctions award on this ground, and accordingly failed to consider whether to exercise that discretion, we remand for further proceedings.

## I.

Cheryl Cotterill retained Haynes and filed suit in California state court after she was taken into custody by the local police and then hospitalized for ten days because she had suffered a psychotic episode. Cotterill sued nearly every city and state official connected to her involuntary detention, raising constitutional excessive force and unlawful detention claims as well as a variety of state law claims, and requesting monetary, injunctive and declaratory relief. The defendants removed the case to federal court.

In the proceedings before the district court, Haynes engaged in a wide variety of incompetent and unprofessional actions. All of Cotterill's claims were ultimately dismissed with prejudice, but not before both sides had taken numerous depositions, engaged in multiple discovery disputes, and participated in various other proceedings. The defendants moved for attorney' fees and costs, motions which were referred to a magistrate judge. The magistrate judge recommended that the district court impose sanctions on Haynes pursuant to 28 U.S.C. § 1927 in the amount of the attorneys' fees and costs incurred by the defendants after key depositions had been taken and it had become clear that Cotterill's claims were wholly without merit. The recommended sanctions award was $362,545.61.

Haynes filed objections to the magistrate judge's report and recommendation. In support of his objections, he submitted a declaration in which he stated that he would be "unable to pay

for any judgment in this matter" because he had earned less than $20,000 in each of the last three years, had no assets, and was a sole practitioner.

The district judge adopted the magistrate judge's report and recommendation "in every respect," and ordered Haynes to pay the full $362,545.61. In his order, he addressed Haynes's claim that he could not pay such a sum:

> The Court is not persuaded by Mr. Haynes' summary declaration to the effect that he is "unable to pay for any judgment in this matter." . . . Although the Ninth Circuit has not addressed the issue directly, the Court finds the reasoning of the Seventh Circuit persuasive. *See Shales v. General Chauffeurs, Sales Drivers and Helpers Local Union No. 330*, 557 F.3d 746, 749 (7th Cir. 2009) ("A violation of § 1927 is a form of intentional tort. And there is no principle in tort law that damages depend on a tortfeasor's assets. Quite the contrary. Damages depend on the victim's loss, not the wrongdoer's resources. . . . If Banks [the sanctioned attorney] cannot meet all of his financial obligations, he may have them written down in bankruptcy.")[).]

In another portion of the *Shales* opinion, the Seventh Circuit stated, "If Banks really is a bad lawyer . . . , and is poor because people are not willing to pay much, or at all, for his services, then he should turn from the practice of law to some other endeavor where he will do less harm." *Shales*, 557 F.3d at 750. Haynes appeals.

## II.

**[1]** Haynes contends that the district court erred in failing to consider his ability to pay the sanctions award.[1] As the dis-

---

[1]We address Haynes's other challenges to the district court's sanction order in a memorandum disposition filed concurrently with this opinion.

trict court observed, this Circuit has not yet directly addressed whether and how a district court should consider an attorney's ability to pay when it imposes a sanction award pursuant to 28 U.S.C. § 1927. *Cf. Brown v. Baden (In re Yagman)*, 796 F.2d 1165, 1185 (9th Cir. 1986). We now join the Second Circuit in holding that, in imposing sanctions pursuant to § 1927, "it lies well within the district court's discretion to temper the amount to be awarded against an offending attorney by a balancing consideration of his ability to pay." *Oliveri v. Thompson*, 803 F.2d 1265, 1281 (2d Cir. 1986).

**[2]** The plain language of the sanctions statute dictates this conclusion. Section 1927 provides that "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously *may* be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927 (emphasis added). The use of the word "may" — rather than "shall" or "must" — confers substantial leeway on the district court when imposing sanctions. Thus, with § 1927 as with other sanctions provisions, "[d]istrict courts enjoy much discretion in determining whether and how much sanctions are appropriate." *Trulis v. Barton*, 107 F.3d 685, 694 (9th Cir. 1995). A district court may not sanction an attorney for *more* than the excess costs, expenses and fees incurred by the opposing party, *see United States v. Associated Convalescent Enters., Inc.*, 766 F.2d 1342, 1347-48 (9th Cir. 1985), but is not required to impose an award that high. Rather, a district court may impose an award of less than the total excess costs, expenses and fees incurred by the opposing party, and nothing in the statute would preclude it from doing so in light of the sanctioned attorney's ability to pay.

A rule that permits the district court to reduce a sanctions award because of an attorney's financial circumstances is also consistent with the underlying purpose or purposes of § 1927. The purpose of § 1927 may be to deter attorney misconduct, or to compensate the victims of an attorney's malfeasance, or

to both compensate and deter. *Compare Oliveri*, 803 F.2d at 1281 (identifying the "underlying purpose of sanctions," including § 1927 sanctions, as being "to punish deviations from proper standards of conduct with a view toward encouraging future compliance and deterring further violations"), *with Hamilton v. Boise Cascade Express*, 519 F.3d 1197, 1205 (10th Cir. 2008) ("[T]he text of § 1927 . . . indicates a purpose to compensate victims of abusive litigation practices, not to deter and punish offenders."). In any case, imposing sanctions in an amount many times greater than the attorney will ever be able to pay may in some instances represent only a futile gesture that does little either to compensate victims or to deter future violators.

**[3]** We therefore hold that a district court may, in its discretion, reduce the amount of a § 1927 sanctions award, and may do so, among other reasons, because of the sanctioned attorney's inability to pay. We do not suggest by this holding that when the district court decides to reduce an amount on account of a sanctioned attorney's inability to pay, it must reduce the amount to that which it determines that the attorney is capable of satisfying. Just as it is within the discretion of the district court to decide whether to reduce the amount at all, the amount to which the sanction will be reduced is equally within the court's discretion.

## III.

The district court appears to have considered itself to be without the authority to take into account Haynes's inability to pay the defendants' excess fees and costs when determining the final amount of the sanctions awarded. Thus, it failed to apply the correct legal rule, and therefore abused its discretion. *See United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc).[2]

---

[2]The defendants assert that the district court's order is unclear in this regard, and that the court may not have necessarily believed itself to be

The district court's belief that it was without discretion to reduce the sanctions award resulted from its reliance on a Seventh Circuit decision, *Shales v. General Chauffeurs, Sales Drivers and Helpers Local Union No. 330*, 557 F.3d 746 (7th Cir. 2009). In *Shales*, as in this case, the court considered the appeal of an attorney sanctioned under § 1927 who contended that the district court had erred in failing to reduce the sanction award because of his inability to pay. *Id.* at 748. Although the court could have disposed of the appeal by holding that a district court is not *required* to reduce a § 1927 sanctions award for that reason,[3] the *Shales* court went further, holding that "a lawyer's ability to pay *does not affect* the appropriate award for a violation of § 1927," and that only the effect of the misconduct on the party seeking sanctions is relevant. *Id.* at 749 (emphasis added). The rule adopted in *Shales* — that a district court *cannot* consider an attorney's ability to pay — followed from the court's conclusion that "[a] violation of § 1927 is a form of intentional tort," and that therefore, as with other intentional torts, "[d]amages depend on the victim's loss, not the wrongdoer's resources." *Id.* Among the distinctions between § 1927 and a traditional intentional tort, however, is that with an intentional tort the amount of damages is a question of fact to be determined by a finder of fact, while with § 1927 the amount of the sanctions award is a matter of discretion conferred upon the district court.

---

unable to reduce the sanctions award. We disagree. Even if the district court's order were unclear, however, the remedy in this case would be the same, as we would be required to remand for the district court to clarify the basis on which it exercised its discretion. *See McGrath v. County of Nevada*, 67 F.3d 248, 253 (9th Cir. 1995) ("If the district court fails to provide a clear indication of how it exercised its discretion, we will remand the fee award for the court to provide an explanation.").

[3]Such a holding would have been consistent both with prior Seventh Circuit precedent, *see, e.g.*, *Fox Valley Const. Workers Fringe Benefit Funds v. Pride of the Fox Masonry & Expert Restorations*, 140 F.3d 661, 667 (7th Cir. 1998), and with the Tenth Circuit's opinion in *Hamilton v. Boise Cascade Express*, 519 F.3d 1197, 1206 (10th Cir. 2008), with which the *Shales* court purported to "agree," *see Shales*, 557 F.3d at 749.

**[4]** Thus, we reject the reasoning of *Shales* and adopt the plain meaning of § 1927 as the law of this Circuit — the same rule adopted by the Second Circuit — that a district court may reduce the amount of a § 1927 sanctions award because of the sanctioned attorney's inability to pay. The district court abused its discretion when, in reliance on *Shales*, it declined to consider the sanctioned attorney's contention that he was unable to pay the sanctions claimed by his opposing counsel before determining within its discretion the amount of sanctions to be imposed.

## IV.

**[5]** Accordingly, we remand for the district court to reconsider its sanction order in light of our holding that it may, in its discretion, reduce the § 1927 sanctions because of Haynes's inability to satisfy the award, and to make whatever other modification to its sanction order it may sua sponte deem appropriate.

**REMANDED.**