NOT RECOMMENDED FOR PUBLICATION
File Name: 21a0573n.06

Nos. 20-2171/2172

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| CURTIS E. BLACKWELL, II, | ) | |
| Plaintiff, | ) | **FILED** |
| | ) | |
| ANDREW A. PATERSON, JR.; THOMAS R. WARNICKE, | ) ) | Dec 08, 2021 DEBORAH S. HUNT, Clerk |
| | ) | |
| Interested Parties-Appellants | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE WESTERN |
| | ) | DISTRICT OF MICHIGAN |
| LOU ANNA K. SIMON, in her individual capacity as president of Michigan State University, et al., | ) ) | |
| Defendants-Appellees. | ) | |
| | ) | |

Before: DONALD, THAPAR, and LARSEN, Circuit Judges.

LARSEN, Circuit Judge.   After attorneys Andrew Paterson and Thomas Warnicke repeatedly engaged in litigation misconduct, the district court ordered them to pay over $50,000 in attorneys' fees. Paterson and Warnicke missed the payment deadline—twice—so the court went a step further and held the duo in civil contempt. They appeal the contempt order on the ground that they could not afford to pay the fee sanction. For the reasons that follow, we AFFIRM.

I.

Paterson and Warnicke used to represent Simon Blackwell in his lawsuit against several Michigan State University officials (MSU). But after the duo repeatedly abused the judicial process, the district court removed Paterson and Warnicke as counsel, and the magistrate judge ordered them to pay MSU for the costs and fees it incurred because of the wrongdoing: $52,010,

due within 30 days. *See* 28 U.S.C. § 1927; *Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1186 (2017).

Paterson and Warnicke appealed to the district court, but the deadline came and went while the appeal was pending. In fact, just after 8:30 p.m. on the evening of the due date, Paterson emailed MSU's attorney, stating that he and Warnicke did not have the financial resources to pay but wanted to discuss an installment plan. MSU declined the (almost literally) "11th hour request" and moved to hold Paterson and Warnicke in civil contempt.

In their responses to the contempt motion, Paterson and Warnicke told the district court for the first time that they could not afford to pay the fee awards. But their assertions were unsupported by any evidence. Warnicke simply stated that he was "unable to pay" the award "or even a significant portion thereof." He didn't attach any corroborating documents but offered to "provide financial information" under seal if the court so wished. Paterson likewise baldly asserted that he did "not have the financial resources to pay," but he at least promised to submit an affidavit attesting to that fact "within 24 hours." And Paterson indeed filed an affidavit—six sentences with no supporting evidence—48 hours later.

In a single order, the district court denied Paterson and Warnicke's appeal from the magistrate's sanctions order, denied MSU's motion for contempt, and extended the payment deadline by two weeks. On the due date, Warnicke filed a motion for relief from the sanctions award, again claiming an inability to pay; he again provided no support—not a bank statement, a balance sheet, or even an affidavit. With another due date in the rearview mirror and no payment in hand, MSU renewed its motion to hold Paterson and Warnicke in contempt. The attorneys responded with more of the same: unsupported assertions of inability to pay and offers to enter

into an installment plan. Paterson proclaimed that his bank records "will" show his inability to pay, but he didn't actually offer those records.

The district court granted the contempt motion. As for Paterson and Warnicke's purported inability to pay, the court noted that their "general[]" assertions of financial status did not "remotely satisf[y]" their burden of proof. Although Paterson and Warnicke remained jointly and severally liable for the award, the court accepted MSU's recommendation to order Warnicke to pay $7,500 per month until the full $52,010 is paid, with a $100 per diem fine if he misses a payment. Warnicke could, the court noted, "take appropriate steps against Paterson" as necessary. Paterson and Warnicke appealed.[1]

## II.

We review a district court's decision to hold a person in contempt for abuse of discretion. *Elec. Workers Pension Tr. Fund of Loc. Union #58, IBEW v. Gary's Elec. Serv. Co.*, 340 F.3d 373, 378 (6th Cir. 2003). We will reverse only if the district court "relied upon clearly erroneous findings of fact, improperly applied the governing law, or used an erroneous legal standard." *Gascho v. Glob. Fitness Holdings, LLC*, 875 F.3d 795, 800 (6th Cir. 2017) (quoting *Gary's Elec.*, 340 F.3d at 378).

The party seeking civil contempt must show by clear and convincing evidence that the contemnor knowingly violated a "definite and specific" court order. *Id.* at 800. Although that burden is heavy, once satisfied the "onus shifts to the opposing party to demonstrate that it was unable to comply with the court's order." *Id.*; *accord United States v. Rylander*, 460 U.S. 752,

---

[1] Although there is no final judgment below, the district court's order holding non-parties Paterson and Warnicke in contempt secures our jurisdiction under 28 U.S.C. § 1291. *United States v. Johnson*, 736 F.2d 358, 359 & n.1 (6th Cir. 1984); *see also U.S. Cath. Conf. v. Abortion Rts. Mobilization, Inc.*, 487 U.S 72, 76 (1988).

757 (1983). To establish that defense, the alleged contemnor must establish three elements: (1) inability to comply; (2) that the inability was not self-induced; and (3) that the contemnor took all reasonable steps to comply. *Gascho*, 875 F.3d at 802. Each element must be proven "categorically and in detail." *Gary's Elec.*, 340 F.3d at 379 (quoting *Rolex Watch U.S.A., Inc. v. Crowley*, 74 F.3d 716, 720 (6th Cir. 1996)). Unsupported, conclusory assertions will not suffice. *See Rylander*, 460 U.S. at 757–58; *Gary's Elec.*, 340 F.3d at 383.

The district court did not abuse its discretion in holding Paterson and Warnicke in contempt. No one disputes that the duo violated a "definite and specific" court order by failing to pay the fee award by the deadline. And we agree with the district court that Paterson and Warnicke did not "remotely satisf[y]" their burden to show inability to pay. At no point did either attorney provide any actual evidence of his financial status, let alone "categorically and in detail." *Gary's Elec.*, 340 F.3d at 379. Their perfunctory proclamations of inability certainly don't meet that burden. *See id.* at 383 & n.14; *Rylander*, 460 U.S. at 757–58.

Paterson and Warnicke argue that they offered to provide more evidence that would have substantiated their claims. That is true, but it does not matter. A party moving for summary judgment can't simply assert that there are no genuine issues of material fact, then fault the district court for denying summary judgment because the movant "could have" provided evidence if the court had just asked. Fed. R. Civ. P. 56(c). That's not how burdens work. Paterson and Warnicke had to "com[e] forward with evidence." *Gary's Elec.*, 340 F.3d at 379.[2]

---

[2] Because Paterson and Warnicke failed to demonstrate their inability to pay, we need not wade into the circuit split over whether such a defense is available at all in proceedings to enforce an order awarding fees under 28 U.S.C. § 1927. *Compare Shales v. Gen. Chauffers Loc. Union No. 330*, 557 F.3d 746, 749 (7th Cir. 2009), *and Hamilton v. Boise Cascade Exp.*, 519 F.3d 1197, 1206 (10th Cir. 2008), *with Haynes v. City & County of San Francisco*, 688 F.3d 984, 987 (9th Cir. 2012), *and Oliveri v. Thompson*, 803 F.2d 1265, 1281 (2d Cir. 1986). Nor do we need to decide

* * *

Paterson and Warnicke utterly failed to prove their inability to pay.  We AFFIRM.

---

whether Paterson and Warnicke forfeited the defense by failing to raise it when the award amount was being set.