**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

In the Matter of: SOUTHERN
CALIFORNIA SUNBELT DEVELOPERS,
INC.,
                        *Debtor,*

---

ORANGE BLOSSOM LIMITED
PARTNERSHIP; PEAR TREE LIMITED
PARTNERSHIP; BANYAN LIMITED
PARTNERSHIP; DON W. GRAMMER;
TRAILS END LIMITED PARTNERSHIP;
SHOWTHUNDER INC.; HAMPTON
LIMITED PARTNERSHIP; DAVID
TEDDER; BIRCH INTERNATIONAL
LIMITED PARTNERSHIP; VAN DAN
LIMITED PARTNERSHIP; CTM
LIMITED PARTNERSHIP; DTG LIMITED
PARTNERSHIP; GALLERY I INC.; KEY
ENTERPRISES INC.; SLEVIN LIMITED
PARTNERSHIP,
                        *Appellants,*

                v.

SOUTHERN CALIFORNIA SUNBELT
DEVELOPERS, INC.,
                        *Appellee.*

No. 08-56570

D.C. Nos.
8:06-cv-00269-DDP
8:06-cv-00270-DDP

8415

In Re: IBT International, Inc.

Don Grammer; Banyan Limited Partnership; Pear Tree Partnership; Orange Blossom Limited Partnership; David Tedder; Birch International Limited Partnership; Van Dan Limited Partnership; CTM Limited Partnership; DTG Limited Partnership; Gallery I Inc.; Hampton Limited Partnership; Key Enterprises, Inc.; Slevin Limited Partnership; Showthunder Inc.; Trails End Limited Partnership,
          *Plaintiffs-Appellants,*

                    v.

IBT International, Inc.,
          *Defendant-Appellee.*

No. 08-56576

D.C. No.
8:06-cv-00275-DDP

In the Matter of: IBT
INTERNATIONAL, INC.,

Debtor,

DON GRAMMER; BANYAN LIMITED
PARTNERSHIP; PEAR TREE
PARTNERSHIP; ORANGE BLOSSOM
LIMITED PARTNERSHIP; DAVID
TEDDER; BIRCH INTERNATIONAL
LIMITED PARTNERSHIP; VAN DAN
LIMITED PARTNERSHIP; CTM
LIMITED PARTNERSHIP; DTG LIMITED
PARTNERSHIP; GALLERY I INC.;
HAMPTON LIMITED PARTNERSHIP;
KEY ENTERPRISES, INC.; SLEVIN
LIMITED PARTNERSHIP;
SHOWTHUNDER INC.; TRAILS END
LIMITED PARTNERSHIP,

Appellants,

v.

IBT INTERNATIONAL, INC.,

Appellee.

No. 08-56580

D.C. No.
8:06-cv-00276-DDP

In the Matter of: SOUTHERN
CALIFORNIA SUNBELT DEVELOPERS,
INC.,

*Debtor,*

DON W. GRAMMER; BANYAN
LIMITED PARTNERSHIP; PEAR TREE
LIMITED PARTNERSHIP; ORANGE
BLOSSOM LIMITED PARTNERSHIP;
DAVID TEDDER; BIRCH
INTERNATIONAL LIMITED
PARTNERSHIP; VAN DAN LIMITED
PARTNERSHIP; CTM LIMITED
PARTNERSHIP; DTG LIMITED
PARTNERSHIP; GALLERY I INC.;
HAMPTON LIMITED PARTNERSHIP;
KEY ENTERPRISES INC.; SLEVIN
LIMITED PARTNERSHIP;
SHOWTHUNDER INC.; TRAILS END
LIMITED PARTNERSHIP,

*Appellants,*

v.

SOUTHERN CALIFORNIA SUNBELT
DEVELOPERS, INC.,

*Appellee.*

No. 08-56587

D.C. No.
8:06-cv-00270-DDP

OPINION

Appeal from the United States District Court
for the Central District of California
Dean D. Pregerson, District Judge, Presiding

Argued and Submitted
February 2, 2010—Pasadena, California

Filed June 9, 2010

Before: Mary M. Schroeder, Raymond C. Fisher and
N. Randy Smith, Circuit Judges.

Opinion by Judge Fisher

## COUNSEL

Thomas W. Dressler (argued), the Dressler Law Group, LLP, Los Angeles, California, Stella A. Havkin, Litwak & Havkin, Woodland Hills, California, for the appellants.

William Miles Burd, Burd & Naylor, Santa Ana, California, C. Michael Chapman, Laguna Niguel, California, Todd Carl Ringstad (argued), Ringstad & Sanders LLP, Irvine, California, for the appellees.

**OPINION**

FISHER, Circuit Judge:

Thirteen entities filed involuntary bankruptcy petitions against two alleged debtors. After the petitions were dismissed, the alleged debtors filed motions against the petitioning creditors for costs, attorney's fees and punitive damages under § 303(i) of the Bankruptcy Code, 11 U.S.C. § 303(i). The United States Bankruptcy Court for the Central District of California, Judge Robert W. Alberts presiding, awarded $745,000 in costs and fees, including costs and fees incurred by the alleged debtors in litigating the § 303(i) motions themselves (so-called "fees on fees"), and $130,000 in punitive damages — $65,000 in each action. Relying on its inherent power, the court also awarded sanctions against Donald Grammer and David Tedder, two individuals who exercised control over the petitioning creditors. The court held Grammer and Tedder jointly and severally liable for the alleged debtors' costs and attorney's fees, including the costs and fees incurred by the alleged debtors in litigating the § 303(i) motions. Appellants are Grammer, Tedder and the 13 petitioning creditors.

We affirm the judgments against the 13 petitioning creditors. The bankruptcy court properly concluded that § 303(i) permits an award of attorney's fees for a § 303 action as a whole, including fees incurred to litigate claims for fees and damages under § 303(i)(1) and (2). The court also properly concluded that § 303(i) permits an award of punitive damages under § 303(i)(2)(B) in the absence of an award of actual damages under § 303(i)(2)(A).

We affirm in part and reverse in part the judgments against Grammer and Tedder. The bankruptcy court properly held Grammer and Tedder jointly and severally liable for the costs and attorney's fees the debtors incurred in obtaining dismissal of the involuntary petitions. The bankruptcy court erred, how-

ever, by holding Grammer and Tedder liable for the debtors' costs and fees incurred on the § 303(i) motions themselves.

## I.   Background

Thirteen entities filed involuntary bankruptcy petitions against IBT International, Inc. (IBT) and Southern California Sunbelt Developers, Inc. (SCSD) under Chapter 11 of the Bankruptcy Code, 11 U.S.C. § 303. The petitioning creditors are Banyon Limited Partnership, Birch International Limited Partnership, Van Dan Limited Partnership, CTM Limited Partnership, DTG Limited Partnership, Gallery I, Inc., Hampton Limited Partnership, Key Enterprises, Inc., Orange Blossom Limited Partnership, Pear Tree Limited Partnership, Slevin Limited Partnership, Showthunder, Inc. and Trails End Limited Partnership. They are controlled by two individuals, Donald Grammer and David Tedder.

The bankruptcy court dismissed the involuntary petition against SCSD after finding that petitioners' claims were the subject of a bona fide dispute. *See* 11 U.S.C. § 303(b). The court subsequently dismissed the involuntary petition against IBT on a motion by petitioning creditors. In its response to that motion, IBT reserved its right to recover costs, attorney's fees and damages under § 303(i) in the event the motion was granted.

SCSD and IBT thereafter filed motions for costs, attorney's fees and punitive damages against petitioning creditors under § 303(i). They also sought sanctions against Grammer and Tedder under Bankruptcy Rule 9011 and the court's inherent power. Section 303(i) states:

> If the court dismisses a petition under this section other than on consent of all petitioners and the debtor, and if the debtor does not waive the right to judgment under this subsection, the court may grant judgment —

> (1) against the petitioners and in favor of the debtor for —
>
> > (A) costs; or
> >
> > (B) a reasonable attorney's fee; or
>
> (2) against any petitioner that filed the petition in bad faith, for —
>
> > (A) any damages proximately caused by such filing; or
> >
> > (B) punitive damages.

11 U.S.C. § 303(i). SCSD and IBT did not seek damages under § 303(i)(2)(A).

After a month-long evidentiary hearing on the motions, the bankruptcy court entered judgment against Grammer, Tedder and the petitioning creditors and in favor of SCSD and IBT as follows:

1.  Under § 303(i)(1), the court held the 13 petitioning creditors jointly and severally liable for $745,318 in costs and attorney's fees incurred by SCSD and IBT, including costs and fees they incurred during the post-dismissal proceedings on the § 303(i) motions themselves.

2.  Under § 303(i)(2)(B), the court found that the petitioning creditors filed the involuntary petitions in bad faith and held them jointly and severally liable for $130,000 in punitive damages — $5,000 per creditor per petition.

3.  Finally, under its inherent power to impose sanctions, the court held Grammer and Tedder jointly and severally liable for the costs and attorney's fees awarded against the petitioning creditors.

Grammer, Tedder and the petitioning creditors appealed to the district court, which affirmed the bankruptcy court's judgments. We have jurisdiction under 28 U.S.C. § 158(d). We affirm in part and reverse in part.

## II.   Standard of Review

We review decisions of the bankruptcy court independently without deference to the district court's determinations. *Higgins v. Vortex Fishing Sys., Inc.*, 379 F.3d 701, 705 (9th Cir. 2004). The bankruptcy court's conclusions of law, including its interpretation of the Bankruptcy Code, are reviewed de novo. *See In re Salazar*, 430 F.3d 992, 994 (9th Cir. 2005); *Higgins*, 379 F.3d at 705. We will not disturb a bankruptcy court's award of attorney's fees unless the court abused its discretion or erroneously applied the law. *Higgins*, 379 F.3d at 705.

## III.   Discussion

Appellants raise three issues: (1) whether the bankruptcy court erred by awarding attorney's fees incurred by SCSD and IBT to litigate the § 303(i) motions; (2) whether the bankruptcy court erred by awarding punitive damages under § 303(i)(2)(B) in the absence of an award of actual damages under § 303(i)(2)(A); and (3) whether the bankruptcy court erroneously held Grammer and Tedder liable for the attorney's fees incurred by SCSD and IBT to litigate the motions for sanctions imposed under the court's inherent power. We affirm with respect to the first and second issues. On the third issue, we agree with appellants.

## A.   Recovery of Attorney's Fees Incurred Litigating the § 303(i) Motions

The first issue is whether § 303(i) authorizes a recovery of attorney's fees incurred litigating a § 303(i) motion. We hold that it does. We begin by examining whether § 303(i)(1) is a

fee-shifting provision or a sanctions statute. Then, having determined that it is a fee-shifting provision, we explain that § 303(i)(1) authorizes an award of attorney's fees incurred litigating claims for attorney's fees and damages under § 303(i)(1) and (2).

### 1.   Section 303(i)(1) Is a Fee-Shifting Provision

**[1]** The Supreme Court drew a distinction between fee-shifting provisions and sanctions statutes in *Business Guides, Inc. v. Chromatic Communications Enterprises, Inc.*, 498 U.S. 533, 553 (1991). In determining that Federal Rule of Civil Procedure 11 was a sanctions statute, the Court emphasized two considerations. First, Rule 11 sanctions were not "tied to the outcome of [the] litigation." *Id.* Instead, the availability of sanctions turned on whether a "specific filing" was well founded. *Id.* Second, Rule 11 sanctions shifted the costs of only a "discrete" portion of the litigation, rather than the cost of the litigation as a whole. *Id.* The Court also distinguished Rule 11 from fee-shifting statutes in *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 409 (1990).

**[2]** Applying these and other relevant considerations here, we hold that § 303(i)(1) is a fee-shifting provision rather than a sanctions statute. Like other fee-shifting provisions and in contrast to Rule 11, eligibility for fees turns on the merits of the litigation as a whole, rather than on whether a "specific filing" is well founded. In deciding whether to award fees, a court considers the "totality of the circumstances," including "1) 'the merits of the involuntary petition,' 2) 'the role of any improper conduct on the part of the alleged debtor,' 3) 'the reasonableness of the actions taken by the petitioning creditors,' and 4) 'the motivation and objectives behind filing the petition.' " *Higgins*, 379 F.3d at 707 (quoting *In re Scrap Metal Buyers of Tampa, Inc.*, 233 B.R. 162, 166 (Bankr. M.D. Fla. 1999)). Fees may not be awarded unless "the court dismisses a petition." 11 U.S.C. § 303(i). That is, only a debtor who has prevailed on the central issue in the proceedings is

eligible for an award of fees. Fee eligibility is therefore inextricably linked to the proceedings' dispositive adjudication. Also, unlike Rule 11, § 303(i) shifts costs for the litigation as a whole rather than a discrete portion. When a petition is dismissed, a court may grant a debtor "a reasonable attorney's fee" — a single fee award presumably covering the entire action. *Id.*

**[3]** Two other considerations support treating § 303(i) as a fee-shifting provision. First, § 303(i)(1) creates a *presumption* in favor of an award of attorney's fees. "When an involuntary bankruptcy petition is dismissed, the debtor is presumed to be entitled to reasonable fees and costs." *In re Maple-Whitworth, Inc.*, 556 F.3d 742, 746 (9th Cir. 2009); *see Higgins*, 379 F.3d at 707 (explaining that " 'any petitioning creditor in an involuntary case . . . should expect to pay the debtor's attorney's fees and costs if the petition is dismissed' " and that "an involuntary debtor's motion for attorney's fees and costs under § 303(i)(1) raises a rebuttable presumption that reasonable fees and costs are authorized" (quoting *In re Kidwell*, 158 B.R. 203, 217 (Bankr. E.D. Cal. 1993))). Such a presumption is consistent with a fee shifting provision.[1] Second, and tellingly, § 303(i)(1) does not require a showing of bad faith. "[B]ad faith is not a prerequisite to awarding attorney's fees and costs under § 303(i)(1)." *Higgins*, 379 F.3d at 706.

## 2.   Section 303(i)(1) Permits an Award of Fees on Fees

Given that § 303(i)(1) is a fee-shifting provision, the bankruptcy court did not err by awarding attorney's fees incurred by the alleged debtors in pursuing their claims for attorney's fees and damages under § 303(i)(1) and (2) respectively.

---

[1]We do not suggest that a presumption is a necessary characteristic of fee-shifting provisions. *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 137-39 (2005) (holding that the fee-shifting provision in the federal removal statute, 28 U.S.C. § 1447(c), does not create a presumption of an award of fees).

**[4]** First, with respect to fees incurred litigating claims for *attorney's fees* under § 303(i)(1), fees are plainly recoverable. "In statutory fee cases, federal courts, including our own, have uniformly held that time spent in establishing the entitlement to and amount of the fee is compensable." *In re Nucorp Energy, Inc.*, 764 F.2d 655, 659-60 (9th Cir. 1985). "This is so because it would be inconsistent to dilute a fees award by refusing to compensate attorneys for the time they reasonably spent in establishing their rightful claim to the fee." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 981 (9th Cir. 2008) (citing *Nucorp*, 764 F.2d at 660, and *Kinney v. Int'l Bhd. of Elec. Workers*, 939 F.2d 690, 695 (9th Cir. 1991)). The bankruptcy court therefore properly permitted SCSD and IBT to recover attorney's fees incurred litigating their entitlement to fees under § 303(i)(1). *See 2 Collier on Bankruptcy* ¶ 303.33[4][b] (Alan N. Resnick & Henry J. Sommer eds., 16th ed. 2009) (explaining that it would be "inconsistent with the apparent policy of section 303(i)" to preclude a recovery of "attorney's fees for collecting an award of costs and fees under section 303(i)").[2]

**[5]** Second, the bankruptcy court also properly permitted SCSD and IBT to recover fees incurred litigating claims for *damages* under § 303(i)(2). In *Commissioner v. Jean*, 496 U.S. 154 (1990), the Supreme Court addressed eligibility for attorney's fees under the Equal Access for Justice Act (EAJA), 28 U.S.C. § 2412(d). The Court explained that, with respect to fee-shifting statutes, a court should "treat[ ] a case as an inclusive whole, rather than as atomized line-items."

---

[2]In so holding, we reject appellants' contention that permitting recovery of fees on fees fosters a "lottery mentality" and invites debtors to engage in excessive fee litigation. *See Commissioner v. Jean*, 496 U.S. 154, 163 (1990) (Equal Access to Justice Act) ("Exorbitant, unfounded, or procedurally defective fee applications . . . are matters that the district court can recognize and discount."); *Kinney*, 939 F.2d at 695 (Labor-Management Reporting and Disclosure Act) ("The concern that awarding fees for fee litigation will lead to abuse is . . . groundless. Exorbitant claims can and will be rejected in the exercise of the court's broad discretion.").

*Jean*, 496 U.S. at 161-62. "[O]nly one threshold determination [of fee eligibility] for the entire civil action is to be made." *Id.* at 159. "Thus, absent unreasonably dilatory conduct by the prevailing party in 'any portion' of the litigation, which would justify denying fees for that portion, *a fee award presumptively encompasses all aspects of the civil action.*" *Id.* at 161 (emphasis added) (quoting 28 U.S.C. § 2412(d)(2)(D)).

Applying this principle here, a bankruptcy court should make a single determination of fee eligibility under § 303(i)(1)(B). If the court finds that the debtor is eligible for an award of fees, then under *Jean* the fee award presumptively encompasses all aspects of the § 303 action, including proceedings on claims under § 303(i)(2).[3] *See In re Glannon*, 245 B.R. 882, 894 (D. Kan. 2000) (holding that § 303(i)(1) "applies to *all* phases of a § 303 proceeding in which the bankruptcy petition was dismissed"); *In re Landmark Distribs., Inc.*, 195 B.R. 837, 845 (Bankr. D. N.J. 1996) ("[U]pon dismissal of an involuntary petition pursuant to section 303(i), the court *may* grant judgment against petitioning creditors and in favor of the alleged debtor for costs and reasonable attorneys' fees *whether related to the alleged debtor's efforts to dismiss the petition pursuant to § 303(i)(1), or to prove bad faith or establish damages pursuant to § 303(i)(2).*"); *In re Advance Press & Litho, Inc.*, 46 B.R. 700, 703 (Bankr. D. Colo. 1984) ("Preparation for and attendance at the hearing on attorney's fees, costs and damages are also part of the matters which are occasioned as a result of an Involuntary Petition. As such, they are compensable under § 303(i).");  2 *Collier on*

---

[3]This does not mean that a debtor will necessarily recover fees incurred litigating a § 303(i)(2) claim for damages. The eligibility determination "brings the plaintiff only across the statutory threshold. It remains for the . . . court to determine what fee is 'reasonable.' " *Jean*, 496 U.S. at 160-61 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). The court retains broad discretion to fashion a fee award under § 303(i). *In re Maple-Whitworth*, 556 F.3d at 746. For example, fees "should be excluded to the extent that the applicant ultimately fails to prevail in such litigation." *Jean*, 496 U.S. at 163 n.10.

*Bankruptcy*, *supra*, ¶ 303.33[4][b] ("[A] court has considerable discretion in determining fees under section 303(i), and that discretion is sufficient to enable the court to award attorney's fees in the right situation for services rendered in conjunction with section 303(i)(2).").[4]

Our conclusion is consistent with our recent opinion in *Sternberg v. Johnston*, 595 F.3d 937 (9th Cir. 2010), which held that a debtor was not entitled to attorney's fees incurred in pursuing damages from a violation of the automatic stay under 11 U.S.C. § 362(k)(1), because those damages were "akin to an ordinary damages action, for which attorney fees are not available under the American Rule." *Id.* at 948. *Sternberg* is inapplicable here because § 303(i)(1) is a fee-shifting provision, not a damages provision. The distinction here is between those statutes which permit recovery of attorney's fees "as damages," *id.* at 946, and which are therefore "consistent with the American Rule," *id.*, and those which permit the recovery of attorney's fees *qua* attorney's fees and therefore create an exception to the American Rule. Section 303(i)(1) falls into the second category because, rather than providing for an award of attorney's fees as damages to compensate an individual injured by a wrongful act, its very function is to reallocate the costs of litigation to the prevailing debtor and to thus supersede the American Rule. Unlike § 362(k)(1), which provides for recovery of "actual damages, including . . . attorneys' fees," § 303(i) provides for an award of "a reasonable attorney's fee" or, if the petition was filed in bad faith, "any damages proximately caused by such filing." Were § 303(i)(1) within the former category, it would be "akin to an ordinary damages action," and therefore subject to the American Rule. *Id.* at 948. Because it is a fee-shifting provision, however, it is subject to the general rule that "[i]n stat-

---

[4]Having held that § 303(i) is a fee-shifting provision rather than a sanctions statute, we reject appellants' contention that this case is controlled by *Cooter & Gell*, 496 U.S. at 406-07, and *Lockary v. Kayfetz*, 974 F.2d 1166, 1178 (9th Cir. 1992), decisions addressing sanctions.

utory fee cases, . . . time spent in establishing the entitlement to and amount of the fee is compensable." *In re Nucorp Energy, Inc.*, 764 F.2d at 659-60.

Appellants do not challenge the fee awards on any other bases. They do not contend that they successfully rebutted the presumption in favor of fees or challenge the amount of the fee awards. We therefore affirm the bankruptcy court's awards of attorney's fees.

## B.    Punitive Damages

Appellants challenge the bankruptcy court's award of punitive damages on two bases. First, they contend that federal common law precludes an award of punitive damages in the absence of an award of actual damages. Second, they argue that, "in the absence of a compensatory damage award, the ratio between punitive and compensatory damages is infinite, and per se violative of the constitutional proportionality requirement." We reject appellants' arguments and uphold the bankruptcy court's punitive damages awards.

### 1.    Federal Common Law

**[6]** Under the federal common law, punitive damages are recoverable in the absence of actual damages where authorized by statute. *See Siddiqui v. United States*, 359 F.3d 1200, 1203 (9th Cir. 2004) (explaining that punitive damages are available where "Congress has expressly authorized an award of punitive damages in the absence of proof of actual damages"); *Anderson v. United Fin. Co.*, 666 F.2d 1274, 1278 (9th Cir. 1982) (holding that "punitive damages may be awarded even absent a showing of actual damages" under the Equal Credit Opportunity Act, 15 U.S.C. § 1691e(b)); *see also Van Alstyne v. Elec. Scriptorium, Ltd.*, 560 F.3d 199, 209 (4th Cir. 2009) (holding that the Stored Communications Act, 18 U.S.C. § 2707, authorizes an award of punitive damages absent a showing of actual damages).

**[7]** These authorities control here. Section 303(i)(2) expressly authorizes a stand alone award of punitive damages. Under § 303(i)(2), a court may award actual *or* punitive damages, without limitation; the sole precondition is a showing of bad faith. 11 U.S.C. § 303(i)(2). As our Bankruptcy Appellate Panel has explained, "[t]he Bankruptcy Code specifically authorizes punitive damages 'even in the absence of or in addition to actual damages.' " *In re Wavelength, Inc.*, 61 B.R. 614, 621 (B.A.P. 9th Cir. 1986) (quoting *In Re Advance Press*, 46 B.R. at 706); *see In re Macke Int'l Trade, Inc.*, 370 B.R. 236, 256 (B.A.P. 9th Cir. 2007) ("[T]he bankruptcy court can allow punitive damages without having to award compensatory or actual damages, or in addition to those damages."); 2 *Collier on Bankruptcy*, *supra*, ¶ 303.33[3] ("A debtor can recover punitive damages under section 303(i)(2)(B) even if there is no finding of actual damages under section 303(i)(2)(A)."); H.R. Rep. No. 95-595, at 324 (1977), *reprinted in* 1978 U.S.C.C.A.N. 5963, 6280 ("The court may grant any or all of the damages provided for under the provision."); S. Rep. No. 95-989, at 34 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5787, 5820 (same).

**[8]** We therefore hold that punitive damages may be awarded under § 303(i)(2)(B) even absent an award of actual damages under § 303(i)(2)(A).

## 2.   Due Process

Appellants also contend that an award of punitive damages in the absence of an award of actual damages constitutes a "per se" violation of due process because the ratio of punitive to actual damages is infinite. We disagree.

In *Mendez v. County of San Bernardino*, 540 F.3d 1109, 1120-22 (9th Cir. 2008), we rejected a due process challenge to $5,000 in punitive damages awarded despite only $1 in nominal damages. We see no constitutionally significant dis-

tinction between the award in that case and the awards here of $5,000 per petitioner as against $0 in actual damages.[5]

[9] Furthermore, we do not accept appellants' premise that the relevant ratio in this case is infinite. The due process inquiry compares the punitive damages awarded to the *harm* caused by the wrongful act, not merely to the actual damages awarded. *See Mendez*, 540 F.3d at 1121 ("[W]e look to the ratio between the punitive damages and the actual harm inflicted on the plaintiff."). In this case, the petitioners' bad faith filings caused SCSD and IBT to defend two involuntary petitions. The costs of defense, which exceeded $170,000 and which SCSD and IBT recovered as part of their fee award, constitute tangible harm caused by the petitioners' bad faith filings. When we take those costs into account, the ratio of punitive damages to the actual harm — $130,000 to $170,000 — is less than 1:1 and plainly falls within constitutional bounds. We therefore reject appellants' contention that the award of punitive damages in this case is a per se violation of due process based on the ratio of punitive to actual damages awarded.

Appellants do not challenge the bankruptcy court's punitive damages awards on any other bases. They do not dispute the court's findings of bad faith or contend that the awards are unconstitutional under the remaining guideposts discussed in *State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408, 418 (2003). Accordingly, we affirm the bankruptcy court's awards of punitive damages.

---

[5]The bankruptcy court awarded $65,000 in punitive damages to SCSD and $65,000 to IBT. Given that there are 13 petitioning creditors, the award is equivalent to an award of $5,000 against each petitioner for each involuntary petition.

## C.   Sanctions Imposed under the Court's Inherent Power

Finally, appellants Grammer and Tedder contend that the bankruptcy court improperly included the costs of litigating the motions for sanctions in the costs and fees the court ordered them to pay under its inherent power to impose sanctions. We agree.

[10] In *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 406-07 (1990), the Supreme Court held that Federal Rule of Civil Procedure 11 did not authorize recovery of attorney's fees incurred to defend an award of Rule 11 sanctions on appeal. Relying on language in the version of Rule 11 in effect at that time, the Court reasoned that Rule 11 sanctions were limited to "those expenses directly caused" by the improper filing, which did not include costs of appeal. *Id.* We extended that principle in *Lockary v. Kayfetz*, 974 F.2d 1166 (9th Cir. 1992). In *Lockary*, the district court imposed sanctions against the plaintiffs' law firm under its inherent power rather than Rule 11. *Id.* at 1170. The sanctions included not only the costs incurred by the defendants to oppose the plaintiffs' improper filings, but also "the defendants' cost of preparing and supporting their motion for sanctions." *Id.* at 1177. The law firm appealed and, relying on *Cooter & Gell*, we reversed:

> *Cooter & Gell* suggests that the trial court should limit sanctions to the opposing party's more "direct" costs, that is, the costs of opposing the offending pleading or motion. We thus find that the district court erred in including the defendants' attorneys' fees for preparing their motion for sanctions in the sanctions it imposed.

*Id.* at 1178.[6]

---

[6]We reject appellees' contention that *Lockary* has been overruled by *Margolis v. Ryan*, 140 F.3d 850 (9th Cir. 1998), with respect to sanctions

**[11]** As applied here, the bankruptcy court properly held Grammer and Tedder jointly and severally liable for the costs and attorney's fees incurred by SCSD and IBT to secure dismissal of the involuntary petitions. The bankruptcy court erred, however, by holding Grammer and Tedder liable for the costs and fees incurred by SCSD and IBT on the post-dismissal motions themselves. We therefore affirm in part and reverse in part the judgments against Grammer and Tedder.

## IV.   Conclusion

The bankruptcy court properly awarded costs, attorney's fees and punitive damages against the 13 petitioning creditors. The bankruptcy court properly held Grammer and Tedder jointly and severally liable for the fees and costs SCSD and IBT incurred to obtain dismissal of the involuntary petitions, but erroneously held Grammer and Tedder jointly and severally liable for the fees and costs SCSD and IBT incurred to litigate the post-dismissal motions. We therefore affirm in part and vacate in part the order of the district court affirming the opinion of the bankruptcy court. We remand to the district court with instructions to remand to the bankruptcy court to amend the judgments against Grammer and Tedder accordingly.

Appellants' request for judicial notice is **DENIED**. Appellees' motion to strike is **DENIED**.

Costs of appeal are awarded to appellees.

---

imposed under the court's inherent power. In *Margolis*, the court interpreted *Lockary* as imposing a restriction on sanctions imposed *under Rule 11. See Margolis*, 140 F.3d at 854-55 ("Under *Lockary*, the attorneys' fees and costs associated with bringing a motion for sanctions under Fed. R. Civ. P. 11 should not be included in the award because they are not direct costs of opposing an offending pleading."). Therefore, although *Margolis* is binding circuit precedent, its conclusion that "[t]he rule in *Lockary* . . . is no longer good law" has no effect here because this is not a Rule 11 case.

**AFFIRMED IN PART, VACATED IN PART, and REMANDED.**