FILED

JUL 08 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ROBERT C. KONOP,

        Appellant,

v.

HAWAIIAN AIRLINES, INC., a Hawaii
corporation,

        Appellee.

No. 11-17706

D.C. No. 1:08-cv-00405-DAE-
BMK

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Hawaii
David A. Ezra, District Judge, Presiding

Submitted June 8, 2015[**]
Honolulu, Hawaii

Before: WARDLAW, BERZON, and OWENS, Circuit Judges.

Robert Konop appeals the district court's order affirming in part and

vacating in part the bankruptcy court's award of sanctions against him. We have

jurisdiction pursuant to 28 U.S.C. § 158(d)(1), *see Congrejo Invs., LLC v. Mann*

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

*(In re Bender)*, 586 F.3d 1159, 1163-64 (9th Cir. 2009), and we affirm in part,

reverse in part, and remand.

1. The bankruptcy court improperly granted summary judgment against

Konop on Hawaiian Airlines' motion for contempt sanctions. Viewing the

evidence in the light most favorable to Konop, *see Suncrest Healthcare Ctr. LLC v.*

*Omega Healthcare Investors, Inc. (In re Raintree Healthcare Corp.)*, 431 F.3d

685, 687 (9th Cir. 2005), a genuine dispute of material fact exists as to whether

Konop's statements in the three allegedly misleading disclosure statements were

made in bad faith, *see Price v. Lehtinen (In re Lehtinen)*, 564 F.3d 1052, 1058,

1061 (9th Cir. 2009). Konop's declarations, proffered in opposition to the

contempt motion and in opposition to the motion for summary judgment, create a

dispute of fact as to whether he engaged in "something more egregious than mere

negligence or recklessness." *Id.* at 1058 (internal quotation marks omitted). These

declarations, in combination with the declarations of Paul Boghosian and Dr.

William Spencer and the accompanying financial statements—all of which Konop

claims to have relied upon when making certain representations in the

disclosures—preclude summary judgment. In addition, the email to Boghosian

relied upon as demonstrating knowledge that Boghosian did not have the necessary

financing available is subject to the opposite inference—that Konop believed

Boghosian did have the financing at hand but had not provided the requisite documentation.

To the extent that the bankruptcy court purported to make "factual findings," it could not do so on summary judgment, which can be granted only where there is no dispute of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. Thus, the bankruptcy court's "findings" are insufficient to support the award of sanctions under its inherent powers. Because genuine issues of material fact as to whether there was bad faith or willful misconduct remain, Konop was entitled to an evidentiary hearing. *See Zilog, Inc. v. Corning (In re Zilog, Inc.)*, 450 F.3d 996, 1007 & n.11 (9th Cir. 2006).

2. Konop had adequate notice of the charges for which he was subject to contempt. *Lehtinen*, 564 F.3d at 1060. The contempt motion filed by Hawaiian Airlines recited clearly the allegations of misrepresentations and bad faith underlying the contempt charge. The bankruptcy court explained to Konop at the July and August 2005 hearings the conduct for which Hawaiian Airlines sought sanctions. Konop was afforded—and took advantage of—multiple opportunities to respond to Hawaiian Airlines' allegations.

3. The district court correctly concluded that any available sanctions are limited to Hawaiian Airlines' "direct costs" of investigating and opposing the three

allegedly misleading disclosure statements. *See Orange Blossom P'Ship v. S. Cal. Sunbelt Developers, Inc. (In re S. Cal. Sunbelt Developers, Inc.)*, 608 F.3d 456, 466 (9th Cir. 2010).

4. We decline to address Konop's argument, raised for the first time on appeal, that the bankruptcy judge exhibited bias in the contempt proceedings. *See El Paso v. Am. W. Airlines, Inc. (In re Am. W. Airlines, Inc.)*, 217 F.3d 1161, 1166 (9th Cir. 2000) ("Absent exceptional circumstances, we generally will not consider arguments raised for the first time on appeal . . . .").

Each party shall bear its own costs on appeal.

**AFFIRMED in part, REVERSED in part, and REMANDED.**