**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| TIMOTHY L. BLIXSETH, *Appellant*, <br><br> v. <br><br> YELLOWSTONE MOUNTAIN CLUB, LLC; AD HOC GROUP OF CLASS B UNIT HOLDERS; CIP SUNRISE RIDGE OWNER LLC; CIP YELLOWSTONE LENDING LLC; CROSSHARBOR CAPITAL PARTNERS, LLC; MARC S. KIRSCHNER; CREDIT SUISSE AG, CAYMAN ISLANDS BRANCH; YELLOWSTONE CLUB LIQUIDATING TRUST, *Appellees*. | No. 12-35986 <br><br> D.C. No. 11-CV-73-SEH <br><br> ORDER |

Filed April 18, 2017

Before: Alex Kozinski, Richard A. Paez,
and Marsha S. Berzon, Circuit Judges.

Order

## SUMMARY[*]

### Bankruptcy / Sanctions

The panel filed an order: (1) denying appellant's counsel's motion and amended motion for reconsideration of the Appellate Commissioner's orders awarding attorneys' fees and non-taxable costs under Federal Rule of Appellate Procedure 38 and 28 U.S.C. § 1927 in a bankruptcy case; (2) denying requests for recusal, appointment of a new panel, conversion of the matter to a criminal proceeding, transfer of the matter to the United States Attorney, and holding of the awards in abeyance; and (3) denying, on behalf of the court, counsel's suggestion for reconsideration en banc.

The panel had ordered appellant and his counsel to pay appellees' attorneys' fees and costs in defending against the appeal under Rule 38; ordered counsel to pay appellees' attorneys' fees and costs in defending against the appeal under § 1927; and referred to the Appellate Commissioner the determination of an appropriate amount of attorneys' fees and costs. The Appellate Commissioner entered orders awarding fees and costs.

Denying counsel's motion and amended motion for reconsideration of the Appellate Commissioner's orders, the panel held that the Commissioner correctly declined to award fees-on-fees under Rule 38 for the preparation of appellees' statements regarding appellant's pro se response and counsel's response to the court's order to show cause against

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

them, and correctly awarded fees and costs under § 1927 against counsel for preparing the statements regarding counsel's response.  The panel held that because Rule 38 is a damage provision authorizing an award of "just damages," an award of fees and costs under Rule 38 must be limited to appellees' direct fees and costs for defending against the frivolous appeal, and may not include the fees and costs incurred regarding the imposition of sanctions.  Agreeing with the Eleventh Circuit, the panel held that, unlike Rule 38, § 1927 is a fee-shifting provision allowing an award of fees-on-fees.

## COUNSEL

Michael J. Flynn, Boston, Massachusetts, pro se.

Paul D. Moore, Duane Morris LLP, Boston, Massachusetts; Michael R. Lastowski, Duane Morris LLP, Wilmington, Delaware; Benjamin P. Hursh, Crowley Fleck PLLP, Missoula, Montana; for Appellees CrossHarbor Capital Partners, LLC, and CIP Sunrise Ridge Owner LLC.

James A. Patten, Patten Peterman Bekkedahl & Green PLLC, Billings, Montana, for Appellee Yellowstone Mountain Club, LLC.

Robert R. Bell, Mullin Hoard & Brown LLP, Amarillo, Texas, for Appellees Brian A. Glasser as Trustee, and Yellowstone Club Liquidating Trust.

**ORDER**

I

Background

We ordered Timothy L. Blixseth and his attorney Michael J. Flynn to pay appellees' attorneys' fees and costs in defending against this appeal under Federal Rule of Appellate Procedure 38, ordered Flynn to pay appellees' attorneys' fees and costs in defending against this appeal under 28 U.S.C. § 1927, and referred to the Appellate Commissioner pursuant to Ninth Circuit Rule 39-1.9 the determination of an appropriate amount of attorneys' fees and costs. *See Blixseth v. Yellowstone Mountain Club, LLC*, 796 F.3d 1004, 1007–09 (9th Cir. 2015).[1]  We also ordered Blixseth and Flynn each to pay $500 in damages to the Clerk of Court as reimbursement for the costs incurred during this frivolous and bad-faith appeal.  *Id*. at 1009.  Blixseth and Flynn each have paid $500 to the Clerk, as required.

---

[1] Rule 38 provides: "If a court of appeals determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee."

Section 1927 provides: "Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."

The Appellate Commissioner entered a second amended order and amended orders (Docket Entry Nos. 148, 149, 150) awarding attorneys' fees and non-taxable costs as follows:

(1) $105,881.26 in favor of CrossHarbor Capital Partners, LLC and CIP Sunrise Ridge Owner LLC and jointly and severally against Blixseth and Flynn;

(2) $24,796.41 in favor of CrossHarbor Capital Partners, LLC and CIP Sunrise Ridge Owner LLC and against Flynn;

(3) $42,031.81 in favor of Brian A. Glasser, Trustee, and Yellowstone Club Liquidating Trust and jointly and severally against Blixseth and Flynn;

(4) $9,065.50 in favor of Brian A. Glasser, Trustee, and Yellowstone Club Liquidating Trust and against Flynn;

(5) $9,505.08 in favor of Yellowstone Mountain Club, LLC and CIP Yellowstone Lending LLC and jointly and severally against Blixseth and Flynn; and

(6) $712.50 in favor of Yellowstone Mountain Club, LLC and CIP Yellowstone Lending LLC and against Flynn.

Flynn filed a motion and an amended motion for reconsideration of the Appellate Commissioner's second amended order and amended orders. We deny Flynn's motion and amended motion for reconsideration (Docket Entry Nos. 151, 152). The Appellate Commissioner's second amended order and amended orders awarding attorneys' fees and non-taxable costs remain in effect.

The Appellate Commissioner correctly declined to award attorneys' fees and non-taxable costs under Rule 38 against Blixseth and Flynn for preparing appellees' statements regarding Blixseth's pro se response and Flynn's response to the court's order to show cause against Blixseth and Flynn ("fees-on-fees"), and correctly awarded fees and costs under § 1927 against Flynn for preparing the statements regarding Flynn's response. We publish this order to address the availability of fees and costs for litigating sanctions under Rule 38 and § 1927.

II

Discussion

Flynn objected to appellees' requests for attorneys' fees for preparing joint statements regarding Blixseth's pro se response and Flynn's response to the court's order to show cause. Flynn argued that the court may not include the expense of litigating the order to show cause in the attorney's fees and non-taxable costs that the court ordered Blixseth and Flynn to pay as a sanction, citing *Haeger v. Goodyear Tire & Rubber Co.*, 813 F.3d 1233, 1254 (9th Cir. 2016), *cert. granted*, 2016 WL 2927901, 137 S. Ct. 30 (U.S. Sept. 29, 2016) (No. 15-1406), and *In re S. Cal. Sunbelt Developers, Inc.*, 608 F.3d 456, 466 (9th Cir. 2010).

A. *Sunbelt* Distinguishes Fee-Shifting Provisions From Damages Provisions

In *Sunbelt*, thirteen creditors filed involuntary bankruptcy petitions against two alleged debtors. *See Sunbelt*, 608 F.3d at 460. After the petitions were dismissed, the alleged debtors filed motions against the creditors for attorneys' fees,

costs, and damages under 11 U.S.C. § 303(i) and against two individuals who exercised control over the creditors for sanctions under the court's inherent power. *Id*.[2]  The bankruptcy court awarded fees and costs against the creditors under § 303(i), including the fees and costs incurred by the alleged debtors in litigating the post-dismissal motions. *Id*. at 461.  Relying on its inherent power, the bankruptcy court also awarded sanctions against the controlling individuals, and held them jointly and severally liable for the alleged debtors' attorneys' fees and costs, including the fees and costs incurred in litigating the motions. *Id*.  The creditors and the controlling individuals appealed. *Id*.

This court affirmed the judgments against the creditors, holding that the bankruptcy court properly awarded fees-on-fees because § 303(i) is a fee-shifting provision rather than a sanctions statute such as Rule 11. *Id*. at 460, 462.  The court relied on *Business Guides, Inc. v. Chromatic Communications Enterprises, Inc.*, 498 U.S. 533, 553 (1991), and *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 409 (1990), in which the Supreme Court distinguished fee-shifting provisions, where eligibility turns on the merits or outcome of the litigation and costs are shifted for the litigation as a whole, from sanctions statutes like the former version of Rule 11, where eligibility for fees turned on whether a specific pleading was well-founded and costs are shifted only for a

---

**[2]** Section 303(i) provides: "If the court dismisses a petition under this section other than on consent of all petitioners and the debtor, and if the debtor does not waive the right to judgment under this subsection, the court may grant judgment– (1) against the petitioners and in favor of the debtor for– (A) costs; or (B) a reasonable attorney's fee; or (2) against any petitioner that filed the petition in bad faith, for– (A) any damages proximately caused by such filing; or (B) punitive damages."

discrete portion of the litigation.  *See Sunbelt*, 608 F.3d at 462.

In *Sunbelt*, the court noted that courts have uniformly held that time spent establishing the entitlement to and amount of the fee is compensable under federal fee-shifting provisions, and that it would be inconsistent with the policy of § 303(i) to dilute the fee award by refusing to compensate time spent establishing the rightful claim to a fee.  *Id*. at 463.  The court also observed that, with respect to fee-shifting statutes, a court should make only one determination of fee eligibility and the fee award should encompass all aspects of the civil action.  *Id*. (citing *Comm'r, INS v. Jean*, 496 U.S. 154, 161–62 (1990) (fee-shifting statutes favor treating a case as an inclusive whole, rather than as atomized line items; approving award of fees-on-fees under federal fee-shifting statute for preparing the fee application and for the ensuing efforts to support the application)).[3]

---

[3] The *Sunbelt* court stated that its conclusion was consistent with *Sternberg v. Johnston*, 595 F.3d 937, 946, 948 (9th Cir. 2010), where the court held that a debtor was not entitled to attorneys' fees incurred in pursuing a claim for damages for violation of the automatic stay under 11 U.S.C. § 362(k), because that provision permitted recovery of attorneys' fees as damages.  *Sunbelt* stated that § 303(i), in contrast, is a fee-shifting provision that permits the recovery of attorneys' fees as attorneys' fees, not as damages.  Although an en banc panel of this court later overruled *Sternberg* in *In re Schwartz-Tallard*, 803 F.3d 1095, 1097–1101 (9th Cir. 2015), reading § 362(k) as a fee-shifting provision rather than as a damages provision, that change in the law since *Sunbelt* has no significance here.

B.  Only Direct Costs May Be Awarded Pursuant To Certain Sanctions Provisions

*Sunbelt* held otherwise, however, with respect to sanctions under the court's inherent power against the controlling individuals.  As to those sanctions, *Sunbelt* determined that the bankruptcy court erred in holding the individuals liable for the debtors' fees and costs incurred on the § 303(i) motions. *See Sunbelt*, 608 F.3d at 466.  Only the direct costs of opposing an offending pleading or motion, and not fees-on-fees, may be included in an award under the court's inherent power, we concluded, stating:

> In *Cooter & Gell* . . . the Supreme Court held that Federal Rule of Civil Procedure 11 did not authorize recovery of attorney's fees incurred to defend an award of Rule 11 sanctions on appeal.  Relying on language in the version of Rule 11 in effect at that time, the Court reasoned that Rule 11 sanctions were limited to "those expenses directly caused" by the improper filing, which did not include costs of appeal. *Id*.  We extended that principle in *Lockary v. Kayfetz*, 974 F.2d 1166 (9th Cir. 1992).  In *Lockary*, the district court imposed sanctions under its inherent power rather than Rule 11. *Id*. at 1170.  The sanctions included not only the costs incurred by the defendants to oppose the plaintiffs' improper filings, but also the "defendants' cost of preparing and supporting their motion for sanctions." *Id*. at 1177.  The law firm appealed and, relying on *Cooter & Gell*, we reversed:

> *Cooter & Gell* suggests that the trial court should limit sanctions to the opposing party's more "direct" costs, that is, the costs of opposing the offending pleading or motion. We thus find that the district court erred in including the defendants' attorneys' fees for preparing the motion for sanctions in the sanctions it imposed.

> *Id*. at 1178.

*Sunbelt*, 608 F.3d at 466–67.[4]

## C. Rule 38 Is A Damage Provision Authorizing Award of "Just Damages"

Blixseth and Flynn were not sanctioned under the court's inherent power, so *Sunbelt* is not directly applicable. Instead, we sanctioned Blixseth and Flynn under Rule 38 and sanctioned Flynn under § 1927. *See Blixseth*, 796 F.3d at 1007–09.

---

[4] The former version of Rule 11 discussed in *Cooter & Gell* provides that, if a pleading is signed in violation of the Rule, the court shall impose upon the attorney or client "an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading . . . including a reasonable attorney's fee." *Cooter & Gell*, 496 U.S. at 392. The December 1, 1993, post-*Cooter & Gell* amendment to Rule 11 specifically allows a district court to include the expenses associated with sanctions proceedings. *See Margolis v. Ryan*, 140 F.3d 850, 854–55 (9th Cir. 1998).

Under Rule 38, appellees' fees and non-taxable costs for preparing the statements regarding Blixseth's pro se response and Flynn's response to the court's order to show cause may not be awarded. *See Lyddon v. Geothermal Props., Inc.*, 996 F.2d 212, 214 (9th Cir. 1993) (based on an analogy to the former, pre-amendment version of Rule 11, declining to award under Rule 38 fees associated with computation of sanctions or cross-appeal of denial of sanctions). The language of Rule 38 authorizes an award of "just damages" if a court determines that an appeal is frivolous. "Just damages" under Rule 38 may include attorneys' fees incurred in defending against the frivolous issues or frivolous portions of an appeal. *See Gaskell v. Weir*, 10 F.3d 626, 629 (9th Cir. 1993); *McConnell v. Critchlow*, 661 F.2d 116, 118 (9th Cir. 1981); *see also Sun-Tek Indus. v. Kennedy Sky-Lites, Inc.*, 865 F.2d 1254, 1255 (Fed. Cir. 1989) (unlike the award of attorneys' fees under fee-shifting statutes, under Rule 38 "the only inquiry in determining the propriety of the amount of attorney fees to be paid as damages by an appellant who has filed a frivolous appeal is whether the appellee actually incurred the fees sought in defending against the appeal."). But, absent specific language or indication to the contrary, *see Schwartz-Tallard*, 803 F.3d at 1099, a statute permitting an award of "damages" is not a fee-shifting statute, and does not permit an award of fees for obtaining the "damages."

The award of fees and costs under Rule 38 thus must be limited to appellees' direct fees and costs for defending against the frivolous appeal, and may not include the fees and costs incurred regarding the imposition of sanctions. *See Cooter & Gell*, 496 U.S. at 406–07; *Sunbelt*, 608 F.3d at 466–67 & n.4; *Lyddon*, 996 F.2d at 214; *Lockary*, 974 F.2d at 1178; *see also Haeger*, 813 F.3d at 1242, 1254 (affirming award of attorneys' fees and costs incurred after a misleading

discovery response as a sanction under court's inherent power to compensate party for losses sustained as a result of misconduct).

## D. Section 1927 Is A Fee-Shifting Provision Allowing Award Of Fees-On-Fees

We conclude otherwise concerning fees-on-fees for sanctions imposed under § 1927. That section does not refer to "damages" as Rule 38 does. Instead, it provides that a court may include the excess "costs, expenses, and attorneys' fees" that the party victimized by the sanctionable conduct "incurred because of such conduct." A different analysis therefore applies to the award under § 1927, against Flynn alone, of the fees incurred in preparing appellees' statements regarding Flynn's response to the order to show cause.

With regard to § 1927, we agree with the analysis set forth persuasively in *Norelus v. Denny's, Inc.*, 628 F.3d 1270, 1297–1302 (11th Cir. 2010). Like *Norelus*, we conclude that the costs of obtaining sanctions may be included in a sanctions award under § 1927.

*Norelus* emphasized that the plain language of § 1927 permits recovery of fees "incurred because of [the sanctionable] conduct," and that were there no sanctionable conduct, there would have been no proceeding to impose sanctions, and no fees incurred in that proceeding. *Id*. at 1298. So the fees expended to obtain the sanctions award are, in the statute's terms, "incurred because of [the sanctionable] conduct." *Id*. The *Norelus* court further noted that excluding the costs of obtaining the sanctions award would not fully compensate the harmed party for the wrongful conduct it had suffered. *Id*.; *see also Haynes v. City & Cnty. of San*

*Francisco*, 688 F.3d 984, 987–88 (9th Cir. 2012) (the purpose of § 1927 is to compensate victims of attorney's malfeasance).

The holding of *Norelus* is consistent with the analysis ordinarily applied in other cost- and fee-shifting situations to allow parties to recover the cost of establishing their right to and the amount of attorneys' fees, or fees-on-fees. *See Norelus*, 628 F.3d at 1301; *see also Jean*, 496 U.S. at 161–62; *Sunbelt*, 608 F.3d at 462–64 & n.4. In allowing awards of fees-on-fees, courts have relied on the language and purpose of the fee-shifting provision at issue, reasoning that not allowing fees-on-fees would undermine congressional policies governing attorneys' fees awards. *See Norelus*, 628 F.3d at 1301.

Likewise, § 1927 may be characterized as a fee-shifting provision, despite its sanctions trigger. *Id*. ("[I]n other cost- and fee-shifting situations . . . we have allowed parties to recover the cost of establishing their right to, and the amount of attorney's fees. . . . The same reasoning supports the same rule in the present circumstances [in awarding fees under § 1927]."). Thus, § 1927 differs from the former version of Rule 11 discussed in *Cooter & Gell*, which authorized the award only of expenses incurred with regard to a discrete improper pleading, and therefore did not permit recovery of attorneys' fees incurred to defend an award of Rule 11 sanctions on appeal. *See Cooter & Gell*, 496 U.S. at 406–07; *see also Sunbelt*, 608 F.3d at 464 n.4 (rejecting contention that award of fees pursuant to a fee-shifting provision is controlled by *Cooter & Gell*). Section 1927 instead authorizes the award of excess costs, expenses, and attorneys' fees *for the litigation as a whole*, reasonably incurred because of an attorney's unreasonable and vexatious multiplication of

the entire proceedings, including fees-on-fees. *See Norelus*, 628 F.3d at 1298. Like other fee-shifting provisions, and in contrast to the former version of Rule 11 discussed in *Cooter & Gell*, § 1927 may shift the entire financial burden of an action's defense, including attorneys' fees, if the entire course of proceedings was unwarranted and should not have been commenced or pursued. *See Lewis v. Brown & Root, Inc.*, 711 F.2d 1287, 1291–92 (5th Cir. 1983), *clarified on reconsideration*, 722 F.2d 209, 210 (5th Cir. 1984); *see also Jean*, 496 U.S. at 161–62; *Sunbelt*, 608 F.3d at 462–64 & n.4.

The reasoning of *Norelus* is consistent with *Sunbelt* and this court's fees-on-fees case law. Accordingly, we follow *Norelus* in holding that § 1927 allows an award of attorneys' fees incurred in obtaining a sanctions award. *See Norelus*, 628 F.3d at 1297–1302. Appellees' attorneys' fees and non-taxable costs incurred in preparing appellees' statements regarding Flynn's responses to the order to show cause are awardable against Flynn under § 1927. *Id.*

## III

## Conclusion

We deny Flynn's motion and amended motion for reconsideration (Docket Entry Nos. 151, 152) of the Appellate Commissioner's second amended order and amended orders (Docket Entry Nos. 148, 149, 150). The Appellate Commissioner's second amended order and amended orders awarding attorneys' fees and non-taxable costs remain in effect. Flynn's requests in the motion and amended motion for reconsideration for recusal of this panel, appointment of a new panel, conversion of this matter to a criminal proceeding, transfer of the matter to the United

States Attorney, and holding of the awards in abeyance are denied.  Flynn's suggestion for reconsideration en banc is rejected on behalf of the Court.  *See* 9th Cir. Gen. Order 6.11.

No further filings by Blixseth or Flynn will be entertained in this closed appeal unless specifically requested by further order of the court.