NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 24 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROBEL A. AFEWERKI, | No. 18-55100 |
| Plaintiff-Appellant, | D.C. No. 2:14-cv-07132-RGK-JPR |
| v. | |
| ANAYA LAW GROUP; LOS ANGELES FEDERAL CREDIT UNION, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Argued and Submitted May 15, 2019
Pasadena, California

Before: NGUYEN and OWENS, Circuit Judges, and ANTOON,** District Judge.

Plaintiff-Appellant Robel Afewerki appeals the district court's order

granting Defendant-Appellee Anaya Law Group's motion for reconsideration and

significantly reducing the attorney's fees and costs that the district court had earlier

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable John Antoon II, United States District Judge for the Middle District of Florida, sitting by designation.

awarded to Afewerki.  We have jurisdiction under 28 U.S.C. § 1291.  "We review for abuse of discretion the district court's decision to grant . . . a motion for reconsideration," *Smith v. Clark Cty. Sch. Dist.*, 727 F.3d 950, 954 (9th Cir. 2013) (citation omitted), and we conclude that the district court erred in granting Anaya's motion for reconsideration.

Shortly after Afewerki filed this suit under the federal Fair Debt Collection Practices Act (FDCPA) and California law, Anaya made an offer of judgment under Federal Rule of Civil Procedure 68, offering to resolve the case for $1,800.00 inclusive of attorney's fees and costs.  Afewerki did not accept that offer, but later accepted a second Rule 68 offer from Anaya—for $1,001.00 plus reasonable fees and costs as determined by the court.  Afewerki then moved for fees and costs under the FDCPA.  *See* 15 U.S.C. § 1692k(a)(3).  The district court awarded Afewerki $83,299.00 in attorney's fees and $3,008.91 in costs.  But Anaya sought reconsideration of the district court's fee and cost award pursuant to Federal Rule of Civil Procedure 59(e), arguing that the district court erred by calculating the fees and costs without first comparing Anaya's initial, rejected offer with the second, accepted offer to determine which offer was more favorable to Afewerki.  The district court agreed, granted Anaya's motion for reconsideration, determined that Anaya's second offer was not more favorable to Afewerki than the first, and reduced the fee award to $245.00 and the cost award to $510.00.

Afewerki now challenges the district court's findings.

Preliminarily, in its order granting Anaya's motion for reconsideration the district court correctly determined that it needed to compare the two Rule 68 offers to determine which was more favorable to Afewerki before calculating fees and costs. This comparison was necessary because (1) with regard to attorney's fees, this Court's precedent—though not completely barring an award of fees incurred after a "better" Rule 68 offer is rejected—requires consideration of several additional factors in determining fees in such a case, *see generally Haworth v. Nevada*, 56 F.3d 1048, 1052 (9th Cir. 1995) ("We . . . hold that in a[] [Fair Labor Standards Act (FLSA)] case when a Rule 68 offer of judgment has been rejected, and judgment is obtained for less than the settlement offer, these circumstances must be considered by the district court in determining what fee is reasonable."), and (2) with regard to costs, Rule 68(d) provides that "[i]f the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made."[1]

Here, because the first offer included fees and costs and the second did not, the district court compared the offers by calculating the reasonable fees and costs

---

[1] The parties assume that *Haworth*—which analyzed a fee motion in an FLSA case—applies to fee motions in FDCPA cases, and we see no error in that assumption given the similarity between the fee provisions of the FLSA and the FDCPA. *Compare* 29 U.S.C. § 216(b) (FLSA), *with* 15 U.S.C. § 1692k(a)(3) (FDCPA).

incurred before the first offer and subtracting that amount from the $1,800.00 offered. Before the first offer, Afewerki's counsel billed 8.6 hours at an hourly rate of $350.00 per hour, resulting in total pre-first-offer fees of $3,010.00. Afewerki also incurred $510.00 in pre-first-offer costs. Accordingly, absent modification, Afewerki incurred $3,520.00 in fees and costs before Anaya's first offer—nearly double the amount of the offer. But the district court did not accept the fee figure Afewerki submitted, instead reducing the pre-first-offer hours worked by Afewerki's counsel from 8.6 to 0.7. After the reduction, the district court determined that Afewerki had incurred only $245.00 in fees and $510.00 in costs—totaling $755.00—before Anaya's first offer. Accordingly, the district court concluded that Anaya's first offer was for $1,045.00 absent fees and costs and that the second offer was for $1,001.00 absent fees and costs. The district court's modified numbers resulted in the first offer being more favorable to Afewerki than the second, and the court thus awarded a reduced fee and cost amount under *Haworth* and Rule 68(d).

But the district court erred in its assessment of the two offers. The court provided no support for its drastic reduction in the hours worked by Afewerki's counsel before the first offer. And upon review, we find no legal or factual support for such a reduction. A proper comparison of the two offers—without the district court's modification—reveals that Anaya's first offer was worthless to Afewerki,

4

as the fees and costs he incurred before that offer were nearly double the amount of the offer. On the other hand, Anaya's second offer awarded Afewerki $1,001.00 plus fees and costs. The second, accepted offer was thus more favorable to Afewerki than the first offer, which obviates the need to consider the additional fee-related factors set forth in *Haworth* or the cost-related provision of Rule 68(d). Instead, this case requires only a standard fee and cost analysis. Because the district court already conducted that standard analysis the first time around, we see no reason to mandate that it do so again.

Accordingly, we vacate the district court's order granting Anaya's motion for reconsideration, which significantly reduced the original fee and cost award. We further instruct the district court, on remand, to reinstate its original fee award of $83,299.00 and its original cost award of $3,008.91. Afewerki may also seek the additional fees and costs he incurred in litigating his fees and costs. *See Orange Blossom Ltd. P'ship v. S. Cal. Sunbelt Developers, Inc. (In re S. Cal. Sunbelt Developers, Inc.)*, 608 F.3d 456, 463 (9th Cir. 2010).

Costs are awarded to the appellant.

**VACATED AND REMANDED.**