# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 44219

| | | |
|---|---|---|
| JOHN DOE (2016-20), | ) | |
| | ) | **Boise, September 2016 Term** |
| Petitioner, | ) | |
| | ) | **2016 Opinion No. 129** |
| v. | ) | |
| | ) | **Filed: November 3, 2016** |
| IDAHO STATE BAR, | ) | |
| | ) | **Stephen W. Kenyon, Clerk** |
| Respondent. | ) | |
| _____ | ) | |

Appeal from the Professional Conduct Board of the Idaho State Bar.

The decision of the Hearing Committee of the Professional Conduct Board is <u>affirmed</u>.

Hawley, Troxell, Ennis & Hawley, LLP, Boise, for Petitioner. Merlyn W. Clark argued.

Idaho State Bar, Boise, for Respondent. Bradley G. Andrews argued.

_____

J. JONES, Chief Justice

This is a petition for review of the decision of a hearing committee of the Professional Conduct Board of the Idaho State Bar affirming Bar Counsel's imposition of a private reprimand against John Doe.

## I.
## FACTUAL AND PROCEDURAL BACKGROUND

John Doe was counsel for Plaintiffs in a class action, *Gibson v. Credit Suisse*, CV 10-1-EJL-REB, filed in the United States District Court for the District of Idaho on January 3, 2010. Defendants in the action filed a motion to dismiss Plaintiffs' Second Amended Complaint. United States Magistrate Judge Ronald E. Bush issued a Report and Recommendation dismissing some of Plaintiffs' claims, which was adopted in part by United States District Judge Edward J. Lodge. Discovery was stayed pending resolution of Defendants' motion to dismiss. While the Report and Recommendation was pending before Judge Lodge, Plaintiffs filed a motion for an order to issue a subpoena for Michael Miller, the Senior Director of the appraisal division of

1

defendant Cushman & Wakefield ("C&W"). Attached to the motion was an affidavit sworn by Doe in which he stated that Miller had provided incriminating testimony about Credit Suisse and C&W in front of Doe and other attorneys on March 19, 2011. A transcript of the alleged testimony was appended as Attachment A to Doe's Affidavit, entitled "Declaration of Michael L. Miller, MAI." This declaration was not signed by Miller. Doe represented to the court that Miller was unwilling to sign an affidavit for fear of retaliation by Defendants. Judge Bush denied the motion.

Plaintiffs were granted leave to amend their complaint as to certain claims dismissed without prejudice by Judge Lodge. Plaintiffs filed their Third Amended Complaint on April 21, 2011. The Third Amended Complaint included several references to statements from Miller's unsigned declaration. Also on April 21, 2011, Plaintiffs filed a motion to amend their pleadings, seeking to include a breach of fiduciary duty claim against C&W, relying on Miller's unsigned declaration. Over the next year, Plaintiffs continued to rely on Miller's unsigned declaration in defending against Defendants' Motion to Dismiss the Third Amended Complaint and in support of their Motion to Amend and Motion for Partial Summary Judgment. Judge Bush issued a Report and Recommendation on February 17, 2012, granting Plaintiff's motion to amend, concluding that Miller's statements revealed a conspiracy to support the breach of fiduciary claim, and denying Defendants' renewed motion to dismiss. Judge Lodge adopted in part and rejected in part the Report and Recommendation on March 30, 2012.

Plaintiffs had been relying on Miller's unsigned declaration from March 2011 through February 2012. However, Miller had signed an affidavit on May 9, 2011, and Miller's counsel sent that affidavit to Doe shortly thereafter.[1] As noted in Bar Counsel's findings, Miller's signed affidavit differed from the unsigned declaration in a number of respects. Doe did not disclose the existence or the contents of Miller's signed affidavit to the district court or Defendants.

On April 27, 2012, defendant C&W received a copy of Miller's signed affidavit from Miller's counsel. C&W then submitted Miller's signed affidavit to the district court and moved for reconsideration of Judge Lodge's March 30, 2012 order. C&W also filed a motion for sanctions, arguing that Plaintiffs and their counsel committed misconduct by relying on Miller's unsigned declaration for over a year while Doe knew of the existence of the signed affidavit and

---

[1] Miller actually signed two identical affidavits, one in Missouri on May 4, 2011 and one on May 9, 2011, in Texas. As these affidavits are identical this memorandum treats them as one and the same.

failed to disclose it to the court. Judge Bush imposed sanctions against Plaintiffs and counsel, finding in part that counsel violated Idaho Rule of Professional Conduct ("I.R.P.C.") 3.3. Judge Lodge affirmed the order on October 17, 2014.

On September 13, 2013, Bar Counsel asked Doe to respond to the issues raised in Judge Bush's order imposing sanctions. After an investigation, Bar Counsel issued a letter to Doe detailing Bar Counsel's conclusion that Doe violated I.R.P.C. 3.3 by knowingly making a false statement of fact to a tribunal or failing to correct a false statement of material fact. Bar Counsel found that after Doe received the signed declaration his "representations to the Court that Miller refused to provide sworn testimony absent a deposition were no longer true. Moreover, [he] continued to rely, and allowed the Court to consider, statements by Miller as set forth in his Unsigned Declaration that Miller omitted in the Signed Affidavit." In the letter, Bar Counsel also concluded that Doe's conduct was prejudicial to the administration of justice in violation of I.R.P.C. 8.4(d) because his "actions unnecessarily and unreasonably multiplied the proceedings, and required the expenditure of 'additional resources' by the parties and the Court." Bar Counsel imposed a private reprimand for the above violations and informed Doe that he may seek review by a hearing committee of the Professional Conduct Board.

Doe requested reconsideration from Bar Counsel, which was denied on September 30, 2015. Doe then filed a written request for review by the Professional Conduct Board on October 14, 2015, and a hearing committee was appointed. A hearing was held before the appointed Hearing Committee ("the Committee") on March 7, 2016. The Committee issued a decision that day, affirming the decision of Bar Counsel. The Committee's decision did not include findings of fact or conclusions of law.

Doe sought reconsideration of the Committee's decision, arguing that the Committee was required to make independent findings of fact and conclusions of law when reviewing Bar Counsel's decision and that there was not clear and convincing evidence supporting Bar Counsel's finding that Doe violated I.R.P.C. 3.3 and 8.4(d). The Committee issued an order denying reconsideration on May 16, 2016, concluding that it was not required to make independent findings of fact and conclusions of law when conducting a review hearing. Doe then filed a petition for review by this Court.

## II.
## STANDARD OF REVIEW

3

This Court "bears the ultimate responsibility for determining what sanctions should be imposed on an attorney." *Wilhelm v. Idaho State Bar*, 140 Idaho 30, 34, 89 P.3d 870, 874 (2004). In reviewing a hearing committee's decision the Court looks to see if the hearing committee's decision was clearly erroneous or arbitrary and capricious. *Id.* This Court "gives the hearing committee's findings of fact great weight," but the Court "independently reviews the record and assesses the evidence." *Id.* "The misconduct must be proven by clear and convincing evidence." *Id.* "However, the disciplined attorney bears the burden of proving the evidence does not support the factual findings." *Id.*

### III.
### ISSUES ON REVIEW

1. Whether the Committee erred by failing to issue independent findings of fact and conclusions of law.

2. Whether the Committee's affirmance of Bar Counsel's conclusion that Doe violated I.R.P.C. 3.3(a)(1) was clearly erroneous.

3. Whether the Committee's affirmance of Bar Counsel's conclusion that Doe violated I.R.P.C. 8.4(d) was clearly erroneous.

### IV.
### ANALYSIS

**A. The Hearing Committee did not err by failing to issue independent findings of fact and conclusions of law.**

Doe argues the Committee erred by failing to issue independent findings and facts and conclusions of law when reviewing Bar Counsel's decision to impose a private reprimand, relying on Idaho Bar Commission Rules ("I.B.C.R.") 502, 503, and 509.

I.B.C.R. 502(c) outlines the powers and duties of the Professional Conduct Board, including having "its Hearing Committees make findings of fact, conclusions of law and recommendations with regard to the cases assigned to such Hearing Committees." I.B.C.R. 502(c)(6). Hearing committees are empowered to "[r]ule upon motions and other matters assigned by the Professional Conduct Board" and "[m]ake findings of fact, conclusions of law and recommendations with regard to cases assigned by the Professional Conduct Board." I.B.C.R. 503(b)(2), (4).

Importantly, the Bar Commission Rules make a distinction between informal and formal disciplinary proceedings. I.B.C.R. 509(b) provides that after Bar Counsel has conducted an investigation, he or she may dismiss the matter or take disciplinary action. Under I.B.C.R.

509(c), if Bar Counsel determines that a violation has occurred, he or she may:

(1) Issue an informal admonition or private reprimand to the Respondent;
(2) Impose probation as provided by Rule 506(f) either as an independent Sanction or in conjunction with actions taken under subsection (c)(1) above;
(3) Impose restitution and/or costs as provided by Rules 506(i) and (j), either as an independent Sanction or in conjunction with actions taken under subsections (c)(1) or (c)(2) above;
(4) Seek, in appropriate circumstances, transfer to disability inactive status under Rule 515;
(5) File Formal Charges, with concurrence of the Board of Commissioners; and/or
(6) Petition for interim suspension, as provided in Rule 510.

If Bar Counsel disposes of the matter by dismissing the action, issuing an informal admonition or private reprimand, imposing probation, or imposing restitution, then the grievant or respondent may request review by a Hearing Committee. I.B.C.R. 509(d).

After review, the Hearing Committee may:

(A) remand the matter, or any new matter arising from the hearing, to Bar Counsel for further investigation;
(B) approve Bar Counsel's disposition;
(C) reject Bar Counsel's disposition and dismiss the matter;
(D) recommend a modification and remand the matter to Bar Counsel for disposition; or
(E) recommend the filing of Formal Charges.

I.B.C.R. 509(d)(5).

Where Bar Counsel determines a violation has occurred, he or she has the option of imposing an "informal" sanction—such as a private reprimand—or filing "formal charges." When Bar Counsel takes the former approach, a hearing committee's role is to review such a decision for error, not to make independent findings. Nothing in I.B.C.R. 509(d) requires a hearing committee to issue independent findings of fact or conclusions of law when approving Bar Counsel's imposition of a private reprimand. By contrast, when Bar Counsel pursues formal charges, he or she files a formal complaint and the case is assigned to a hearing committee. I.B.C.R. 511(b)–(c). Then, a hearing is held before the hearing committee, and upon conclusion of the proceedings, "the Hearing Committee shall issue its findings of fact, conclusions of law and recommendations." I.B.C.R. 511(g)–(h). If the hearing committee finds a violation, it may recommend a public reprimand, public censure, suspension, or disbarment. I.B.C.R. 511(i)–(j).

A plain reading of the Bar Commission Rules indicates that a hearing committee is required to make independent findings of fact and conclusions of law when assigned a "Formal

Charge" under I.B.C.R. 511, but not when reviewing the Bar Counsel's imposition of an informal sanction under I.B.C.R. 509(d). As this Court has stated on several occasions, the purpose of requiring formal findings of fact and conclusions of law is to facilitate judicial review. *Intermountain Health Care, Inc. v. Bd. of Cnty. Comm'rs of Caribou Cnty.*, 108 Idaho 757, 761, 702 P.2d 795, 799 (1985). Where, as here, Bar Counsel has provided a detailed description of the background of the action and specific findings to support his conclusions, meaningful review is possible. When acting in its appellate capacity, a hearing committee should be able to adopt Bar Counsel's findings and conclusions in whole. Although the Committee's decision does not expressly state that it adopted Bar Counsel's findings and conclusions, such an adoption can be inferred from the Committee's approval of Bar Counsel's decision *in toto*.

Accordingly, we conclude that the Committee did not err by failing to issue independent findings of fact and conclusions of law when approving Bar Counsel's imposition of a private reprimand.

**B. The Hearing Committee did not err in affirming Bar Counsel's conclusion that Doe violated I.R.P.C. 3.3.**

I.R.P.C. 3.3(a)(1) provides that "[a] lawyer shall not knowingly . . . make a false statement of material fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer." Comment 10 to I.R.P.C. 3.3 further provides that the prohibition against providing false evidence also requires a lawyer to take "reasonable remedial measures" where a lawyer has provided material evidence with the belief it was true but later learns that the evidence is false. Comment 8 to I.R.P.C. 3.3 explains that "[t]he prohibition against offering false evidence only applies if the lawyer knows that the evidence is false. A lawyer's reasonable belief that evidence is false does not preclude its presentation to the trier of fact. A lawyer's knowledge that evidence is false, however, can be inferred from the circumstances."

Doe argues that the Committee erred in affirming Bar Counsel's conclusion that he violated I.R.P.C. 3.3(a)(1) because "[a]t no stage in the Federal Court proceedings or in the proceedings before the Bar has anyone, tribunal or counsel, found the existence of a 'false statement' or an 'uncorrected false statement.'" In his reply brief, Doe argues that Rule 3.3(a)(1) does not require "an attorney to tell the court that statements, which were true when made, are no longer true" and that there is no evidence Doe knew statements he made about Miller's unsigned declaration were false. Doe also argues that any differences between Miller's unsigned

6

declaration and his signed affidavit were not material so Doe was not required to disclose the signed affidavit.

Bar Counsel expressly found that Doe made false statements to the tribunal by continuing to rely on the unsigned declaration after receiving the signed affidavit and representing to the court that Miller was unwilling to sign an affidavit when he had already done so. I.R.P.C. 3.3(a) recognizes that an attorney has a duty to take reasonable remedial measures where he or she has provided information to the court that later turns out to be false, even if the attorney believed that the information was true at the time it was provided. I.R.P.C. 3.3 cmt. 8. Doe filed Miller's unsigned declaration on March 25, 2011. Doe received a copy of Miller's signed affidavit in May 2011. However, Doe did not disclose the signed affidavit to the court, and he continued to rely on the unsigned declaration to support Plaintiffs' third amended complaint and Plaintiffs' motion to amend the complaint, and to defend against Defendants' renewed motion to dismiss and Defendants' motion to strike Plaintiffs' motion for partial summary judgment.

Bar counsel also found that the differences between the unsigned declaration and signed affidavit were material. Bar Counsel concluded that Miller omitted several statements in the signed affidavit that were included in the unsigned declaration:

> Miller omitted from the signed affidavit references to [Dean] Paauw, including Paauw's purported comment that he feared criminal liability but was "not in jail yet" based on the actions of C&W and/or Credit Suisse. Miller also omitted language from the Signed Affidavit stating that: (1) his former C&W supervisor, [Charles] Reinegal, refused to review his working papers from a prior project; (2) C&W appraisers knew the relevant appraisals were not FIRREA compliant; (3) there were discussions and emails between the appraisers about how the TNV valuation was not compliant with USPAP; and (4) he flew to Los Angeles to meet with Credit Suisse executives "due to [his] concerns" about the appraisals and "was assured by the Credit Suisse team that the appraisals were not being used to mislead…"

Bar counsel also found that after Doe was in possession of the signed affidavit, he filed an opposition to Defendants' motion to strike Plaintiffs' motion for partial summary judgment, which included references to statements from the unsigned declaration that were omitted from the signed affidavit. The fact that Doe had the signed affidavit in his possession when he relied on omitted statements from the unsigned declaration present circumstances from which Doe's

knowledge that the evidence was false could be inferred.[2] Additionally, Doe's reliance on statements omitted from the signed affidavit supports Bar Counsel's finding that the documents were materially different. The record discloses that there were substantial differences between the two documents. Even if every difference was not material, where a lawyer has presented the court with an affidavit or declaration that is not signed and tells the court that the declarant or affiant is unwilling to sign the document, when the lawyer receives a signed declaration or affidavit from the individual, it is not clear why the lawyer would not feel compelled to immediately advise the court that the reluctant affiant or declarant has changed his or her mind and put signature to paper.

In sum, there was substantial evidence to support Bar Counsel's conclusion that Doe violated I.R.P.C. 3.3(a)(1), and the Committee's affirmance of his decision was not clearly erroneous.

### C. The Hearing Committee did not err in affirming Bar Counsel's conclusion that Doe violated I.R.P.C. 8.4(d).

I.R.P.C. 8.4(d) provides that it is professional misconduct for a lawyer to "engage in conduct that is prejudicial to the administration of justice." On appeal, Doe argues that Bar Counsel's determination that he violated I.R.P.C. 8.4(d) was based entirely on Counsel's finding of a violation of Rule 3.3. Bar Counsel concluded that Doe violated I.R.P.C. 8.4(d) because his actions "unnecessarily and unreasonably multiplied the proceedings, and required the expenditure of 'additional resources' by the parties and the Court."

In ruling on Defendants' renewed motion to dismiss and Plaintiffs' motion to amend, Judge Bush and Judge Lodge relied on Miller's statements from the unsigned declaration. The court and Defendants did not become aware of the signed affidavit until Miller's counsel emailed the affidavit to C&W's counsel, who then filed the affidavit with the court. Doe failed to disclose the existence of the signed affidavit for almost a year. During that time, the court ruled on several of the parties' motions, relying in part on information in the unsigned declaration. The

---

[2] Doe argues that the statements in the unsigned declaration were not false because Miller affirmed the truth of the statements when he was deposed on May 31, 2012. A transcript of the deposition has not been included in the record so there is no way for the Court to verify this contention. "[T]he disciplined attorney bears the burden of proving the evidence does not support the factual findings." *Wilhelm v. Idaho State Bar*, 140 Idaho at 30, 34, 89 P.3d 870, 874 (2004). Bar Counsel gave little weight to this argument: "That Miller may have affirmed the truth of the omitted statements during his deposition, an account which the Defendants disputed, did not obviate [Doe's] responsibility under I.R.P.C. 3.3 to advise the Court not to rely upon the omitted statements in the Unsigned Declaration after May 4, 2011."

8

parties and the court spent substantial time considering and responding to false information presented by Doe. The proceedings were multiplied as a result, including necessitating reconsideration of Judge Lodge's order on Defendants' motion to dismiss and Plaintiffs' motion to amend after Defendants learned of the existence of the signed affidavit.

The foregoing provides substantial evidence to support Bar Counsel's conclusion that Doe's failure to disclose the signed affidavit for a prolonged period was prejudicial to the administration of justice. Accordingly, we conclude that the Committee did not err in affirming Bar Counsel's decision.

## V.
## CONCLUSION

For the foregoing reasons, the Court affirms the Hearing Committee's affirmance of Bar Counsel's decision to impose a private reprimand against Doe. Costs to Respondent.

Justices EISMANN, BURDICK, W. JONES and HORTON CONCUR.