**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| L. J. GIBSON; et al.,<br><br>    Plaintiffs,<br><br> and<br><br>CHRISTOPHER CONANT; et al.,<br><br>    Appellants,<br><br> v.<br><br>CREDIT SUISSE GROUP SECURITIES (USA) LLC, FKA Credit Suisse First Boston Corp., a Delaware limited liability company; et al.,<br><br>    Defendants-Appellees. | No.  16-35663<br><br>D.C. No. 1:10-cv-00001-JLQ<br><br>MEMORANDUM* |
| L. J. GIBSON; et al.,<br><br>    Plaintiffs,<br><br> and<br><br>ROBERT C. HUNTLEY and JAMES C. SABALOS, Counsel for Plaintiffs,<br><br>    Appellants, | No.  16-35693<br><br>D.C. No. 1:10-cv-00001-JLQ |

---

   *  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

v.

CREDIT SUISSE GROUP SECURITIES
(USA) LLC, FKA Credit Suisse First Boston
Corp., a Delaware limited liability company;
et al.,

Defendants-Appellees.

Appeal from the United States District Court
for the District of Idaho
Justin L. Quackenbush, District Judge, Presiding

Argued and Submitted February 9, 2018
Seattle, Washington

Before:  GOULD, PAEZ, and CHRISTEN, Circuit Judges.

Plaintiffs' counsel appeal the imposition of sanctions against them.  The

district court affirmed the magistrate judge's award of the sanctions after Plaintiffs'

counsel were less than forthcoming regarding a key witness statement.  Initially,

Plaintiffs' counsel presented the magistrate judge with an unsigned statement from

a supposed whistleblower-witness.  That witness later gave Plaintiffs' counsel a

signed statement that was substantially different from the unsigned statement.

Plaintiffs' counsel did not disclose that the statement the witness later signed

significantly differed from the unsigned version.  Counsel argue that they

anticipated the witness ultimately would testify consistently with the unsigned

statement, but nearly a year passed before the signed statement was disclosed, and

2

in intervening proceedings before the magistrate judge, Plaintiffs' counsel continued to refer to allegations from Plaintiffs' complaint that were based on the unsigned statement. Because Plaintiffs' counsel failed to disclose the signed statement, the magistrate judge—relying on 28 U.S.C. § 1927 and the court's inherent powers— granted Defendants' motion for sanctions. The magistrate judge imposed sanctions to compensate the defendants for costs associated with pursuing their sanctions motion, and additionally imposed a fine in the amount of $6,000 on each of Plaintiffs' five attorneys. The district court affirmed the sanctions. Plaintiffs' counsel now appeal both the attorneys' fees and the $6,000 fines.

We review the imposition of sanctions under the district court's inherent powers and under 28 U.S.C. § 1927 for abuse of discretion. *Moore v. Keegan Mgmt. Co.*, 78 F.3d 431, 435 (9th Cir. 1996). We will overturn the district court's imposition of sanctions only if it "committed an error of law or the court's factual determinations were clearly erroneous." *Lasar v. Ford Motor Co.*, 399 F.3d 1101, 1109 (9th Cir. 2005).

First, we ask whether the offending counsel's conduct was sanctionable. Here, the district court affirmed the imposition of sanctions both under the district court's inherent powers and under 28 U.S.C. § 1927. Under the district court's inherent powers, it may impose sanctions for conduct that is tantamount to bad

3

faith. *Fink v. Gomez*, 239 F.3d 989, 993–94 (9th Cir. 2001). Sanctions under § 1927 are appropriate upon a finding that an "attorney recklessly or intentionally misled the court." *In re Girardi*, 611 F.3d 1027, 1061 (9th Cir. 2010).

The district court adopted the magistrate judge's findings that Plaintiffs' counsel acted in bad faith. The magistrate judge noted that the delay in filing the signed statement with the court unnecessarily multiplied proceedings because in the intervening months counsel presented a flawed and misleading record to the court, which affected the briefing in the case and the court's consideration of the evidence. The magistrate judge also noted that Plaintiffs' counsel represented to the court that the witness would not sign the statement for fear of retaliation, but that once Plaintiffs' counsel had secured a signed statement, Plaintiffs' counsel never corrected their initial representation. The magistrate judge also found that counsel's actions violated the Idaho Rules of Professional Conduct 3.3(a)(1). *See also Doe v. Idaho State Bar*, 384 P.3d 386 (Idaho 2016). We cannot say that the district court abused its discretion or committed legal error in concluding that Plaintiffs' counsel acted in bad faith, and hence could be sanctioned under the court's inherent powers and § 1927.[1]

Plaintiffs' counsel separately challenge the nature of the sanctions imposed.

---

[1] This conclusion holds for Mr. Huntley, Mr. Sabalos, Mr. Flynn, and Mr. Conant, as well as for Mr. Stillman who appealed separately.

They argue that it is inappropriate to award attorney's fees to defendants arising from the sanctions motion itself. In *Blixseth v. Yellowstone Mountain Club, LLC*, we held "that § 1927 allows an award of attorneys' fees incurred in obtaining a sanctions award." 854 F.3d 626, 632 (9th Cir. 2017); *see also Norelus v. Denny's, Inc.*, 628 F.3d 1270, 1298 (11th Cir. 2010). We see no sound reason why the rule from *Blixseth* does not apply here. We affirm the district court's award of attorney's fees.

Next Plaintiffs' counsel argue that the $6,000 fines were improper because they were punitive, and Plaintiffs' counsel were entitled to additional due process protections before the imposition of such a penalty. The process due to Plaintiffs' counsel depends on the nature of the fine. If the fine is payable to the court and intended to compensate the court for costs arising from the sanctionable behavior, it is civil in nature and the sanctioned party is entitled only to notice and an opportunity to be heard. *Lasar*, 399 F.3d at 1110–12. By contrast, a non-compensatory fine is criminal in nature and when a district court imposes such a fine, the court "must provide the same due process protections that would be available in a criminal contempt proceeding." *F.J. Hanshaw Enters., Inc. v. Emerald River Dev., Inc.*, 244 F.3d 1128, 1139 (9th Cir. 2001). Among those due process protections is that guilt must be proven beyond a reasonable doubt. *See Hicks v. Feiock*, 485 U.S. 624, 632 n.5 (1988). If, however, a court imposes a

5

small fine commensurate with a petty offense, due process does not require a full jury trial. *See Int'l Union v. Bagwell*, 512 U.S. 821, 839 (1994).

Plaintiffs' counsel were given notice and an opportunity to be heard. Hence, they received sufficient due process as to any portion of the fines that was compensatory. Here, the district court concluded that the $6,000 fines were "designed in part to account for the cost of judicial resources unnecessarily expended as a result of Plaintiffs' counsel's actions." However, the district court did not express a view regarding what part of those fines was necessary to compensate the court. We therefore vacate the sanctions order as to the $6,000 fines and remand so the district court may determine if any portion of the fines is non-compensatory. If any portion of the fines is non-compensatory, then that portion would be criminal in nature and would be subject to the additional due process protection of proof beyond a reasonable doubt. The district court appears to have applied only a "clear and convincing" standard.

For the preceding reasons, we affirm the award of attorneys' fees. We vacate and remand with regard to the $6,000 fines. The district court should assess whether any part of the fines is non-compensatory, and if so, Plaintiffs' counsel should be afforded the due process protections appropriate for a petty criminal offense, including proof beyond a reasonable doubt.[2]

---

[2] The parties shall each bear their own costs on appeal.

6

**AFFIRMED IN PART, VACATED AND REMANDED IN PART.**