**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| VORTEX MARINE CONSTRUCTION, employer; SIGNAL MUTUAL INDEMNITY ASSOCIATION, Insurance Carrier,<br><br>*Petitioners*,<br><br>v.<br><br>TERRY GRIMM; GENERAL CONSTRUCTION COMPANY; ST. PAUL FIRE AND MARINE INSURANCE COMPANY; DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAM; U.S. DEPARTMENT OF LABOR,<br><br>*Respondents.* | No. 15-72258<br><br>BRB No. 14-0323<br><br>ORDER |

Filed December 22, 2017

Before: Michael Daly Hawkins, Marsha S. Berzon, and Andrew D. Hurwitz, Circuit Judges

# SUMMARY[*]

## Attorneys' Fees/Benefits Review Board

The panel upheld the Appellate Commissioner's order awarding attorneys' fees and costs for a petition for review in the amount of $32,280 in favor of Terry Grimm and against Vortex Marine Construction and Signal Mutual Indemnity Association, and amending the mandate; and awarded attorneys' fees for the fee litigation in the amount of $20,060 in favor of Terry Grimm and against Vortex Marine and Signal Mutual.

After Vortex Marine and Signal Mutual dismissed a petition for review of a decision of the Benefits Review Board, the panel granted Grimm's motion for an award of attorneys' fees on review and referred the determination of an appropriate amount of fees on review to the Appellate Commissioner, and also referred to the Appellate Commissioner for a report and recommendation on Grimm's supplemental attorneys' fees motion, including the issue of entitlement to fees for defending the fee application.

In its order, the panel agreed with the Appellate Commissioner that *Baker Botts L.L.P. v. ASARCO LLC*, 135 S. Ct. 2158, 2168 (2015), did not prevent an award of attorney's fees for the fee litigation under the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 928(a). The panel noted that under fee-shifting statutes, like § 928(a) of the Longshore Act, courts uniformly decline to treat

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

fee–application and fee-litigation work differently. Accordingly, the panel upheld the Appellate Commissioner's order awarding attorneys' fees and costs for the petition for review; and awarded attorneys' fees for the fee litigation in the amount of $20,060 in favor of Grimm and against Vortex Marine Construction and Signal Mutual Indemnity Association.

## COUNSEL

James P. Aleccia, Aleccia & Mitani, Long Beach, California, for Petitioners.

Eric A. Dupree and Paul R. Meyers, Dupree Law aplc, Coronado, California; Joshua T. Gillelan II, Longshore Claimants' National Law Center, Washington, D.C.; for Respondent Terry Grimm.

## ORDER

After Vortex Marine Construction and Signal Mutual Indemnity Association dismissed the petition for review, we granted Terry Grimm's motion for an award of attorneys' fees on review and referred the determination of an appropriate amount of fees on review to the Appellate Commissioner. *See* 9th Cir. R. 39-1.9. We also referred to the Appellate Commissioner for a report and recommendation Grimm's supplemental attorney's fees motion, including the issue of entitlement to fees for defending the fee application. The Appellate Commissioner awarded Grimm's attorneys' fees and costs for the petition for review in the amount of

$32,280, and recommended that we award Grimm's attorneys' fees for the fee litigation in the amount of $20,060.

The parties have not requested reconsideration of the Appellate Commissioner's order or objected to the Appellate Commissioner's report and recommendation. We agree with the Appellate Commissioner's determination that *Baker Botts L.L.P. v. ASARCO LLC*, 135 S. Ct. 2158, 2168 (2015), does not prevent an award of attorneys' fees for the fee litigation here under the Longshore and Harbor Workers' Compensation Act ("LHWCA"), 33 U.S.C. § 928(a). In *Baker Botts*, the court held that the text of § 330(a)(1) of the Bankruptcy Code does not shift the costs of adversarial litigation from one side to the other, and it does not displace the American Rule with respect to fee-defense litigation. *See id.* at 2165–67; *see also Micha v. Sun Life Assurance of Canada, Inc.*, 874 F.3d 1052, 1062 n.2 (9th Cir. 2017) (Berzon, J., concurring). But § 928(a) of the LHWCA is a fee-shifting statute that departs from the American Rule and explicitly shifts to the employer or carrier the responsibility for payment of a reasonable fee for attorney services for the adversarial litigation if the claimant successfully prosecutes the claim. *See Shirrod v. Dir., OWCP*, 809 F.3d 1082, 1084, 1086 (9th Cir. 2015); *see also Baker Botts*, 135 S. Ct. at 2164–65, 2167–68. Under fee-shifting statutes like § 928(a), courts have uniformly declined to treat fee-application and fee-litigation work differently, and have consistently held that time spent establishing the entitlement to and amount of the fee is compensable. *See Baker Botts*, 135 S. Ct. at 2167–68 (citing *Comm'r, INS v. Jean*, 496 U.S. 154, 158, 162 (1990)); *Blixseth v. Yellowstone Mtn. Club*, 854 F.3d 626, 629, 631–32 (9th Cir. 2017) (citing *In re S. Cal. Sunbelt Developers, Inc.*, 608 F.3d 456, 462–64 & n.4 (9th Cir. 2010)).

Thus, the Appellate Commissioner's order awarding attorneys' fees and costs for the petition for review in the amount of $32,280 in favor of Terry Grimm and against Vortex Marine Construction and Signal Mutual Indemnity Association, and amending the mandate, remains in effect. Accordingly, we hereby award attorneys' fees for the fee litigation in the amount of $20,060 in favor of Terry Grimm and against Vortex Marine Construction and Signal Mutual Indemnity Association.   This order amends the court's mandate.